TED· BERGMAN, Appellant, *v.* LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, LIMITED, Respondent.

First Department, April 6, 1945.

*Jacob Greenwald* of counsel (*Kleeberg, Greenwald & Lifflander,* attorneys), for appellant.

*James H. Black* of counsel (*Affeld, Sowers & Herrick,* attorneys), for respondent.

*Per Curiam.* Plaintiff sues as assignee of a claim under a policy issued by defendant insuring against the loss of personal

property. The complaint alleges that for a good and valuable consideration the insured named in the policy, one Mary Lou Levow Francis, had assigned to plaintiff all her right, title and interest in certain lost personal property and to insured's claim for the loss thereof. A third defense in the answer pleads that the assignor has notified the defendant that plaintiff's assignment was obtained by duress and coercion and was without consideration and void, and that the assignor demands that defendant pay the loss to her. Defendant accordingly pleads that plaintiff's assignor is a necessary party to the action, and that there was a defect of parties plaintiff.

Plaintiff having moved to strike out this defense, defendant cross-moved to compel plaintiff to bring in his assignor either as plaintiff or defendant. Plaintiff's motion was denied and defendant's cross motion granted. The order granting the cross motion requires that the assignor be joined as a party plaintiff if she consents thereto, otherwise that she be added as a codefendant. It directs the service of new pleadings by plaintiff and stays the action meanwhile.

We deem that both orders appealed from were improperly granted.

If plaintiff's allegations concerning the assignment are sustained by proof of an absolute assignment valid on the face thereof, he is the sole necessary party plaintiff. There would be no defect of parties under such circumstances. If defendant claims that it is compelled at its peril to choose between the assignor and the assignee because of conflicting claims for the loss, it may protect itself by way of interpleader under section 287 of the Civil Practice Act whether it concedes or disputes the merits of the claim. The burden of interpleading a third party in order to protect defendant should not be put upon plaintiff.

Section 193 of the Civil Practice Act has no application to a situation such as the present.

The orders so far as appealed from, should be reversed, with twenty dollars costs and disbursements to the appellant, and plaintiff's motion to strike out the third defense granted, and defendant's cross motion denied without prejudice to an application by defendant under section 287 of the Civil Practice Act.

Martin P. J., Untermyer, Dore, Cohn and Callahan, JJ., concur.

Orders so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements to the appellant, and

plaintiff's motion to strike out the third defense granted, and defendant's cross motion denied without prejudice to an application by defendant under section 287 of the Civil Practice Act. Settle order on notice.