Morris Eder, J.
China Sugar Refining Company, Ltd., a Chinese corporation, has sued defendants, American corporations, herein referred to collectively as Amco, to recover deposits of $350,000 made to defendants pursuant to a contract executed in 1945 which provided for postwar delivery of machinery and payment in advance. Amco has moved, prior to answer, for an order requiring plaintiff to bring in Bank of China and Yu Foong Cotton Mill, Chinese corporations, as additional parties, staying the action until complied with and dismissing if after a reasonable time in the event of .noncompliance.
The motion is made pursuant to section 193 of the Civil Practice Act which provides that the failure to join an “ indispensable ” party requires a dismissal of the action and the failure to join a “ conditionally necessary party” vests the court with discretion to dismiss or permit the action to be continued without him. An indispensable party is defined as one ‘ ‘ whose absence will prevent an effective determination of the controversy or whose interests are not severable and would be inequitably affected by a judgment rendered between the parties before the court”. A conditionally necessary party is one “ who ought to be a party if complete relief is to be accorded between those already parties ”.
The test of indispensability is such legal unity of interest or joint connection with relation to the subject matter that a separate action involving less than all such persons should be precluded. Obviously persons to whom or against whom a cause of action has accrued jointly, or parties jointly interested in a fund, are indispensable parties. The guiding principle is whether the absentees have such interest in the subject matter before the court that their interests must necessarily be passed on if the controversy is to be settled, or whether a determination in their absence will nevertheless have the element of finality for the protection of those before the court.
The presence of a conditionally necessary party, however, is required only if he is subject to the jurisdiction of the court and can be brought in without undue delay. The court will consider the extent of his interest, among other things, in deciding whether or not to dismiss. For example, where several assignees each hold part of a claim, they are only conditionally necessary to an action by one against the debtor. (Blake v. Weiden, 291 N. Y. 134.)
It is important to keep in mind the distinction between a situation embraced in section 193 requiring plaintiff to bring in additional parties and those in which a defendant merely shows *186 facts which involve in some way other participants in the transaction, which may be the basis of defense to plaintiff’s action or for defendant’s impleading them pursuant to section 193-a of the Civil Practice Act. Unless the absentees come within the statutory definitions of section 193, a plaintiff is entitled to proceed upon his theory of action and defendant is properly required to avail himself of other remedies. Thus, where a sole assignee sues a debtor, the latter may not throw upon plaintiff the burden of bringing in the assignor as an additional party but may assert his contention either by way of defense, impleader or interpleader. (Bergman v. Liverpool & London Globe Ins. Co., 269 App. Div. 103.)
In this case the facts as they appear from the affidavits and documents annexed are as follows: Amco manufactured and sold machinery and had been so engaged in China for many years. In 1945 it obtained the contract which is the basis of this action, whereby a credit of $350,000 was established in China Sugar’s favor for a postwar delivery of machinery. During the same period Amco was also dealing with Yu Foong, which had ordered but not paid for a power plant and other machinery. At the end of 1948 Yu Foong owed Amco approximately $500,000.
Both China Sugar and Yu Foong are concededly subsidiaries of Bank of China, but separately administered with separate boards of directors and officers. In the spring of 1949, with the advance of the Communists, China Sugar removed its head office to Taiwan (Formosa) as evidenced by certified documents of the Nationalist Government; and the Bank of China similarly removed its head office and foreign department to Formosa. Amco states that Yu Foong was not so removed but, being a debtor, was permitted to remain on the mainland; plaintiff has not thus far disputed the fact as to Yu Foong’s nonremoval, so for present purposes we will assume that fact.
China Sugar claims that notice of its removal to Formosa as well as that of the Bank of China was promptly given to Amco, but the latter denies receiving notification in a sufficient manner to constitute legal notice. Amco also has raised the question as to whether the removal was, under the law and the facts, effected by such authority as to preclude it thereafter from dealing with the mainland representatives of China Sugar and Bank of China as recognized by the Communist People’s Government. Amco, at appears, agreed in September, 1949 upon written request of the mainland China Sugar version, which had been taken over by the “ Military Control Commission ”, to transfer the balance of plaintiff’s deposit to the “ Light In *187 dustry Department for payment of machinery placed with you by the Dept.” At the same time Amco received a written guaranty from the Bank of China mainland version with regard to such transfer of the deposit. Amco states that “ a portion of this amount was used to partially cancel the then existing Yu Foong debt ”, evidently by agreement with the Light Industry Dept, to apply such portion of plaintiff’s deposit toward the liquidation of Yu Foong’s indebtedness to Amco.
This motion to require plaintiff to bring in Bank of China and Yu Foong or suffer the penalty of dismissal of the action is based on Amco’s claim that their absence prevents complete and effective determination of its rights in the present controversy. Specifically, the grounds of the motion are: (1) Bank of China is the real party in interest as the controlling factor of both China Sugar and Yu Foong. Amco looked to the Bank of China with regard to financial arrangements between it and these subsidiaries of the bank and extended credit to them in reliance upon their connection with the bank. The bank is a necessary party since, otherwise, it could escape responsibility unjustly at Amco’s expense by arranging to leave in Communist China an insolvent subsidiary while bringing out another subsidiary with outstanding claims. Since Yu Foong is directly involved in this question of considering plaintiff’s claim against Amco and Amco’s claim against Yu Foong as parts of the same transaction emanating from their being subsidiaries of the Bank of China, it too is claimed to be a necessary party. (2) Yu Foong is also necessary as the result of the transaction in September, 1949 whereby plaintiff’s credits were actually satisfied by their transfer in reduction of Yu Foong’s debt to Amco.
It is quite evident that Amco intends that plaintiff be required to bring in the Communist counterpart of the Bank of China, ignoring plaintiff’s suggestion that the Bank of China (Nationalist) has a New York office and is available for service of a third-party summons. It has annexed to its moving papers copies of the documents and affidavits submitted in the California case of Bank of China v. Wells Fargo Bank & Union Trust Co. (104 F. Supp. 59). The court there found that the Bank of China operated after 1949 as two separate corporate entities, with due authority in each to act as the Bank of China within its own area and those international areas where its respective government, Communist or Nationalist, was recognized. Amco urges that the transfer in September, 1949 of China Sugar’s credits pursuant to the mainland China Sugar’s request and the guaranty executed by the mainland Bank of China *188 have legal validity despite the fact that our Government has not recognized the People’s Government of China.
Plaintiff maintains that Amco’s real intention is to terminate the action, as it well knows that it is impossible to serve the mainland corporations with process.
Analysis of the grounds of Amco’s motion indicates that, whatever the basis or merits of its position, these can be raised by appropriate defense or impleader and result in an effective determination of plaintiff’s cause of action without any additional parties. Certainly, as to the bank’s guaranty, that is properly the subject of a third-party claim over by Amco. And, as to the relationship of the two subsidiaries with the bank, the joinder of these as parties would not add to the force or conclusiveness of the defenses asserted by reason thereof by Amco. -Regarding the crediting by Amco to the Light Industry Department of plaintiff’s deposit and the transfer of a portion thereof to partially cancel Yu Foong’s debt, Amco need only prove that this transaction was duly authorized, and this may be done even in Yu Foong’s absence.
Accordingly, the court does not deem Bank of China or Yu Foong to be indispensable or conditionally necessary parties. Amco’s position may be a difficult one, but it did do business with these organizations as separate and distinct corporations. If it now claims that it is not liable to plaintiff because of the latter’s relationship with the Bank of China and, through the latter, with the other subsidiary, Yu Foong, a debtor of Amco’s, and because of the unusual situation by which it is being sued by the Nationalist counterpart of plaintiff after settling with the Communist counterpart, there is no reason why it may not obtain as equal a measure of protection by defending (assuming the validity of its position) as by the compulsory joinder of these additional parties.
The motion is therefore denied.