HARRY B. HENSHEL, Respondent, v. HENRY HELD, Appellant.— Order entered on March 27, 1961, which denied defendant's motion for a direction that the plaintiff bring in additional parties defendants as indispensable parties, unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs. This plaintiff and three others, including the defendant, embarked upon a joint venture. The plaintiff, claiming that the defendant in breach of his duty acquired secret profits from or as a result of the venture, seeks to impress a trust upon the proceeds and asks damages. The defendant's motion that the plaintiff be required to join the other parties to the joint venture as indispensable parties was denied. " The test of indispensability is such legal unity of interest or joint connection with relation to the subject matter that a separate action involving less than all such persons should be precluded * * * The guiding principle is whether the absentees have such interest in the subject matter before the court that their interests must necessarily be passed on if the controversy is to be settled, or whether a determination in their absence will nevertheless have the element of finality for the protection of those before the court." (*China Sugar Co.* v. *Andersen, Meyer & Co.,* 6 Misc 2d 184, 185.) The rights, duties and obligations of the parties and the missing coadventurers spring from a single agreement. The assumption that a separate allocation of interest may be made independently of the rights of the nonjoined coadventurers is untenable for their interests cannot be disassociated from that of the parties before us. Nor can the controversy be effectively resolved in their absence. While the plaintiff is seeking relief in his own behalf, it is clear that if there is to be an effective determination of the controversy the presence of the other parties to the joint venture is indispensable for their rights must necessarily be fixed and determined in the action. (Civ. Prac. Act, § 193.) Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.

 WILLIAM E. CELESTIN, Respondent, v. SWISS CREDIT BANK, Appellant.— Order entered on January 17, 1961, denying defendant-appellant's motion to dismiss the complaint, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, McNally and Bergan, JJ.