Samuel H. Hoestadter, J.
Motion to dismiss amended complaint on the ground that the Canton of Basel, Confederation of Switzerland, is a necessary party without whose presence in the action the court should not proceed is denied. The action is for breach of warranty in respect of material supplied by the defendants to the plaintiffs, for installation by the latter in a hospital in Switzerland pursuant to a contract between one of them and Basel. The defendants argue that under the recent relaxation of the rule of priority in actions'for breach of warranty (Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5; Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432) Basel may have a direct cause of action against them for breach of the same warranty, and is, therefore, a necessary party. The possibility of the assertion of such claim by Basel is too remote to make it a necessary party. (See Bergman v. Liverpool & London & Globe Ins. Co., 269 App. Div. 103; Kirsch v. 33 West 56th St., 33 Misc 2d 1025.) But even were Basel a necessary party, the court may under subdivision (b) of section 1001 of the Civil Practice Law and Rules permit the action to proceed without its being made a party. As a friendly foreign sovereign it is immune from suit here (Matter of United States of Mexico v. Schmuck, 293 N. Y. 264, 271, opinion adhered to 294 N. Y. 265; 1 Hyde, International Law, § 244 [2d Rev. ed., 1945]). Jurisdiction can be obtained over Basel only by its consent and appearance. It is thus within the exception prescribed by subdivision (b) of section 1001 when nonjoinder may be excused, and con *234 sideration of the items enumerated in the section satisfies the court that justice requires that the action be permitted to proceed despite the absence of Basel (Keene v. Chambers, 271 N. Y. 326, 330).