Robert J. Stolarik, J.
Plaintiff moves for summary judgment for partition of real property located at 8 Shorthill Road, New City, New York. The defendant cross-moves for summary judgment dismissing the plaintiff’s complaint, or, in the alternative, that the court declare the plaintiff to be constructive trustee of the subject property.
The property was conveyed by Elias L. Arnita (the decedent) and Elaine Arnita, his wife (the defendant), without consideration to Elias L. Arnita and Elaine Arnita (one-half interest) and to Joseph P. Arnita, plaintiff (one-half interest), by deed *775 dated December 2, 1968 and recorded on December 4, 1968. On December 7, 1968 Elias L. Arnita executed a will which was subsequently admitted to probate by the Surrogate of Rockland County on December 16, 1969. The will appointed the plaintiff, Joseph Arnita, as executor and paragraph four of said instrument purportedly left a life estate in the subject premises to Elaine Arnita as long as she resided in the premises or until she remarried and upon either occurrence, directed the sale of the premises, with the proceeds to be divided among six named beneñeiaries. The defendant is currently in sole possession of said property.
The plaintiff contends that this paragraph of the will is null and void and that upon the death of Elias L. Arnita on March 22, 1969, the plaintiff and the defendant became tenants in common of the subject property by operation of law.
It is the defendant’s contention that a constructive trust should be declared in favor of the defendant and seeks an order dismissing the action pursuant to CPLR 3211 for the plaintiff’s failure to join necessary parties in whose absence the court should not proceed.
The court finds that triable issues of fact are present concerning the existence of a constructive trust. Accordingly, the plaintiff’s motion for summary judgment and the defendant’s cross motion for the same relief are denied.
With respect to defendant’s motion to dismiss for failure to join necessary parties in whose absence the court should not proceed, the ordinary rule is that remaindermen whose interests are merely in the proceeds of a share of lands subject to equitable conversion by the will of the testator are not necessary parties to an action for partition of such land. (Salisbury v Slade, 160 NY 278.) However, the determination of whether a person must be made a party to the action depends on the type of interest the plaintiff has and the specific relief asked for in the complaint. If the interests are distinct and separate and the relief sought is the protection of that interest, the only indispensable parties are those immediately involved. Accordingly, the test is whether the absentees have such interest in the subject matter before the court that their interests must necessarily be passed on if the controversy is to be settled, or whether a determination in their absence will nevertheless have the element of finality for the protection of those before the court. (Henshel v Held, 13 AD2d 771; China Sugar Refining Co. v Andersen, Meyer & Co., 6 *776 Misc 2d 184.) The court notes that the defendant seeks the declaration of a constructive trust and asks to retain possession of the subject property according to the terms of paragraph four of the will, namely, that the defendant hold said property as a life tenant as long as she resides there or remarries and upon such occurrence, the proceeds of sale to go to the named beneficiaries. Should a trial of this action result in a finding that no constructive trust exists, as a matter of law the plaintiff would be entitled to a partition of the property in question, necessarily depriving the named beneficiaries of any interest they might have under paragraph four of the will. Such a finding would finally affect the interest of these beneficiaries, thereby making them necessary parties to the instant action.
Accordingly, the defendant’s motion to dismiss is granted only to the extent that the named beneficiaries under paragraph four of the will who are not presently parties to this action be joined as defendants.
Submit order on notice providing for joinder of the absent named beneficiaries under paragraph four of the will within 30 days of the date of service of the order to be entered herein with notice of entry thereof.