■ NEW YORK STATE OFFICE OF MENTAL HEALTH (SOUTH BEACH PSYCHIATRIC CENTER), Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents. — In a proceeding to vacate an arbitration award, the appeal is from an order and judgment (one paper) of the Supreme Court, Richmond County (Rubin, J.), dated January 12, 1981, which granted the respondents' cross motion to dismiss the proceeding for lack of in personam jurisdiction and denied the petition as moot. Order and judgment modified, on the law, (1) by adding thereto, after the word "granted", the following: "as to the respondent union and is otherwise denied", and (2) by deleting the provision denying as moot the petition to vacate. As so modified, order and judgment affirmed, with $50 costs and disbursements to petitioner, and proceeding remitted to Special Term for further proceedings consistent herewith. Where a collective bargain-

ing agreement gives an individual union member the right to compel arbitration in a disciplinary proceeding, he, and not the union, is the real party in interest (see *Parker v Borock,* 5 NY2d 156; *Hudak v Hornell Inds.,* 304 NY 207). Consequently, Special Term erred in concluding that the respondent union was the real party in interest and in dismissing this proceeding for petitioner's failure to properly serve it. Furthermore, although the union may be an interested party, it is not necessary or indispensable to a proper determination of this proceeding (see CPLR 1001; see, also, *Henshel v Held,* 13 AD2d 771). Since the union was not properly served, the proceeding is dismissed as to it and shall continue as to the individual grievant. Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.