■ In the Matter of HAIM BERNSTEIN, Deceased. COLUMBIAN MUTUAL LIFE INSURANCE COMPANY, Appellant; RICHARD A. LONGO, Respondent.—In a proceeding by the executors of the estate of Haim Bernstein to recover under a life insurance policy, the Columbian Mutual Life Insurance Company appeals from so much of an order of the Surrogate's Court, Westchester County (Brewster, S.), dated May 3, 1989, as denied its motion for partial summary judgment dismissing the third and fourth cross claims of Richard A. Longo for punitive damages and granted that branch of his cross motion which was for leave to serve amended cross claims for punitive damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of Columbian Mutual Life Insurance Co. is granted, the third and fourth cross claims of Richard A. Longo are dismissed, and that branch of Longo's cross motion which was for leave to serve amended cross claims is denied.

To the extent that the subject cross claims sought punitive damages for failure to pay over the proceeds of a life insurance policy to Richard A. Longo, they are clearly insufficient. Even if we were to read the allegations in the light most favorable to Longo, they fail to set forth " 'sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public as to imply a criminal indifference to civil obligations' " (see, Aldrich v Aetna Life & Cas. Ins. Co., 140 AD2d 574, quoting from Valis v Allstate Ins. Co., 132 AD2d 658). To the extent that the cross claims can be read to allege that Columbian Mutual Life Insurance Company (hereinafter Columbian) failed to promptly investigate the competing claims to the policy proceeds and failed to make a good-faith effort to effectuate a prompt and fair settlement of the claims, they are preempted by Insurance Law § 2601 (see, Mavroudis v State Wide Ins. Co., 121 AD2d 433; Kurrus v CNA Ins. Co., 115 AD2d 593).

In addition, it should be noted that the subject cross claims of Longo are essentially founded upon the premise that Columbian's commencement of an interpleader action to resolve

the competing claims of the Bernstein estate and Longo to the insurance proceeds was somehow improper. However, as the court correctly ruled, there are still many outstanding triable questions of fact concerning the alleged transfer of ownership of the policy which must be resolved, despite the fact that extensive discovery has been conducted. Under such circumstances, Columbian was entitled to protect itself from the conflicting claims by way of an interpleader action under CPLR 1006 *(see, Bergman v Liverpool & London & Globe Ins. Co.,* 269 App Div 103, 104). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.