■ JOAN V. KUTNER, Appellant, v NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY OF BOSTON, Respondent.—Order affirmed, without costs.

Memorandum: On October 30, 1974 plaintiff commenced this action to recover proceeds of a life insurance policy on her former husband based upon his disappearance and continuous absence since August, 1967. Thereafter defendant moved for summary judgment on the ground that the statutory presumption of death should not be applied and that, consequently, there was no triable issue of fact with respect to due proof of death. "The burden of establishing the facts which may, within reason, give rise to the presumption is upon the person invoking it" *(Butler v Mutual Life Ins. Co. of N. Y.,* 225 NY 197, 203). With respect to the statutory presumption of death, EPTL 2-1.7 (subd [a]) provides that the party invoking the presumption must establish that the person was absent for a continuous period of five years, that there had been a diligent but fruitless search for such person and that the person's absence cannot be satisfactorily explained. While normally the question of whether the presumption should arise from the evidence presented is one of fact for the jury where "the evidence is without contradiction and incapable, whether without or with contradiction, of creating, in reasonable minds, conflicting inferences, the question is one of law for the trial justice to decide" *(Butler v Mutual Life Ins. Co., supra,* p 204). A liberal reading of the record indicates that plaintiff has only produced sufficient evidence on the issues of continuous absence and diligent search. With respect to the question of whether there was a satisfactory explanation for the absence, the sole evidence relied upon was a final letter sent to plaintiff by her former husband shortly before his disappearance. Although he alluded to the fact that he might eventually return to her, he stated that he was leaving because of unexplained health problems, financial difficulties with creditors and the opportunity for a "fresh start." In view of these "explanations" for his disappearance as well as plaintiff's failure to present any countervailing evidence on this issue, the court properly held as a matter of law that the presumption of death could not be invoked and its subsequent grant of summary judgment in defendant's favor should be affirmed. This decision is without prejudice to plaintiff's institution of a new action upon additional evidence not presented here that her husband's absence is not satisfactorily explained except by reason of death. All concur, except Marsh, P. J., and Cardamone, J., who dissent and vote to reverse the order and deny the motion, in the following memorandum: In order for plaintiff to recover on her husband's life insurance proceeds, based on his presumed death on account of prolonged absence, she is required to prove: (1) his absence for a continuous period of five years; (2) a diligent search which fails to locate him; and (3) that his absence is not satisfactorily explained except by death (EPTL 2-1.7, subd [a]). The majority agree that the first two requirements of the statute have been met by plaintiff, but find that she failed to meet the third requirement. We disagree and find that plaintiff has presented sufficient evidence on all three requirements to successfully withstand a motion for summary judgment. Such view is in accord with the long-settled law of this State "whether or not the presumption arises from the evidence is almost always, of necessity, a question for the jury. Whenever, however, the evidence is without contradiction and incapable, whether without or with contradiction, of creating, in reasonable minds, conflicting inferences, the question is one of law for the trial justice to decide" *(Butler v Mutual Life Ins. Co. of N. Y.,* 225 NY 197, 204). Here, however, the record before us is equivocal as to the reasons for the disappearance of plaintiff's husband. While the husband's final letter to his wife stated that he desired a fresh start and had health and financial difficulties, it also indicated that he would send money to his wife and that he would

send for her when he was established and "In one year—you will 'like what you see' ". The letter further contained endearments for his wife and infant children plainly evidencing his love for them. Based upon this letter and the testimony of the wife and the husband's sister, there is sufficient evidence presented to justify the inference that the death of the husband is the "probable reason" why nothing was ever heard about him *(Butler v Mutual Life Ins. Co., supra,* p 203). At the very least, this evidence is susceptible of conflicting inferences and, therefore, the determination must be one for the jury and should not have been decided as a matter of law. Accordingly, we dissent and vote to reverse the judgment and deny the motion for summary judgment. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.