Arnold L. Fein, J.
This is a motion by defendants for an order pursuant to CPLR 3211 (subd [a], par 7), dismissing the second cause of action in the complaint, by which plaintiffs seek damages in excess of the limits of the policy issued by defendant Allendale Mutual, punitive damages and damages for the pain and suffering and anguish experienced as a result of the alleged conspiracy by defendants in failing or refusing to honor and pay plaintiffs’ claim made under the said policy of insurance.
Plaintiff Marvex Processing & Finishing Corp. was engaged in the business of manufacturing double-knit fabrics. In September, 1973, plaintiffs procured fire insurance coverage with Allendale Mutual. The policy, at the time of the loss here involved, provided for limits of $1,330,000 on contents, $600,-000 on business interruption and $48,000 on ordinary payroll. Following a fire on May 30, 1976, a claim was made under the policy. The parties dispute both the nature of and efficiency with which the loss was investigated subsequent to the occurrence.
*684 The first cause of action seeks recovery for the loss under the terms and coverage of the ; policy. The second cause of action alleges a conspiracy among defendants to avoid payment under the policy so as to destroy plaintiffs’ business and prevent them from reopening. As a result, plaintiffs seek damages for pain and suffering and public humiliation and anguish in the amount of $500,000 for each individual plaintiff and punitive damages in the sum of $1,000,000.
Defendants, in seeking dismissal of the second cause of action, assert that there is no authority for recovery of damages for pain and suffering or anguish experienced as a result of the failure of an insurer to pay or effect adjustment of a claim made under a policy.
It has been generally recognized in this State that an insurer’s liability under a policy is limited to the amount of coverage, plus appropriate interest. Mere allegations that the breach by the insurer of its obligations under the policy of insurance was committed "willfully and without justification” do not authorize a recovery of punitive damages (Diamond v Mutual Life Ins. Co. of N. Y., 77 Misc 2d 528). In that case, the Appellate Term, First Department, reversed the order below which had upheld the extension of a punitive damage claim "where an insurer willfully, and without any reasonable justification, fails to honor its contractual obligations.” (75 Misc 2d 443, 445). That action was for reimbursement of medical expenses under a hospital indemnity policy. The third cause of action sought punitive damages and counsel fees for the carrier’s willful refusal to pay.
The operative standard has been succinctly set forth by the Court of Appeals in Walker v Sheldon (10 NY2d 401), wherein the court upheld a cause of action for punitive damages in an action for fraud and deceit, where the fraud was upon the general public and involved a high degree of moral culpability. The court’s observation in this connection is instructive (p 406): "It may be difficult to formulate an all-inclusive rule or principle as to what is an appropriate case for recovery of punitive damages, but it is our conclusion that the allegations of the complaint before us, if proved, would justify such an award. The pleading charges that defrauding the general public into entering publishing contracts, such as the one involved in the present case, was the very basis of defendants’ business. What is asserted is not an isolated transaction incident to an otherwise legitimate business, but a gross and *685 wanton fraud upon the public. It follows, therefore, that the courts below were thoroughly justified in refusing to strike the allegations which pertain to punitive damages.”
The principle announced by the Court of Appeals in Walker v Sheldon (supra), may be applied with equal force to an action upon a policy of insurance for the refusal or failure of the carrier to honor a claim. Normally, a claim for punitive damages will not lie. However, where there is an allegation of fraudulent, criminal or dishonest acts or practices by the insurer as to or affecting the general public, a claim' for punitive or exemplary damages may be made. Under the doctrine of Walker v Sheldon (supra), it must be alleged and shown that there was a gross and wanton fraud upon the public involving a high degree of moral culpability, not merely an isolated transaction, although claimed to be fraudulent, incident to the otherwise legitimate business of the insurer.
In the case at bar, it is clear that the acts alleged, though said to be willful, do not affect or constitute a fraud upon the general public. Here, it is alleged that the insurer and its reinsurers willfully failed to pay the claim made under the policy, thereby resulting in damage to plaintiffs’ business, anguish and pain and suffering. Such a claim, however, is not of the type as to warrant an award of exemplary damages in accordance with the doctrine of Walker v Sheldon (supra). Unlike the facts in Walker, what is alleged here is apparently no more than "an isolated transaction incident to an otherwise legitimate business” (Walker, supra, p 406).
Nor is the determination here reached at all affected by the allegations of a conspiracy between defendant Allendale Mutual, the three named insurance companies who partially reinsured Allendale on the policy (Arkwright-Boston Manufacturers Mutual, Philadelphia Manufacturers Mutual and Protection Mutual) and defendants Factory Mutual Engineering and R. J. Petrasek, who allegedly investigated and processed the claim. "There is no substantive tort of conspiracy” (Goldstein v Seigel, 19 AD2d 489, 493). Nor is there a cognizable cause of action for conspiracy to breach an agreement. (North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171; Labow v Para-Ti Corp., 272 App Div 890.) A complaint may, of course, properly allege the existence of a fraudulent scheme extending beyond a breach of contract and involving acts of a defendant constituting a tort, by reason of the violation of a *686 legal common-law duty, extraneous to the contract. (Albemarle Theatre v Bayberry Realty Corp., 27 AD2d 172.)
Here, there are no allegations of facts sufficient to charge defendants with a separate tort liability. As observed, there is no basis here for a claim for punitive damages. Nor is there any authority shown to uphold a claim for pain and suffering and anguish resulting from the failure of an insurer to honor a claim made under a policy. Nor does the second cause of action assert a viable cause of action as one for prima facie tort, which requires an allegation of special damages (Skouras v Brut Prods., 45 AD2d 646).
Accordingly, upon the foregoing, defendants’ motion for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the second cause of action alleged in the complaint is granted.