■ M. S. R. Associates Ltd., Respondent, v Consolidated Mutual Insurance Company et al., Appellants.—In an action, *inter alia,* on a policy of fire insurance, the defendant insurers appeal from an order of the Supreme Court, Kings County, dated December 16, 1976, which denied their motion to strike the second cause of action of the complaint, which seeks the recovery of $1,000,000 as punitive damages. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Plaintiff instituted suit to recover damages under a policy of fire insurance issued by the defendants. The fire policy was in the form approved by the New York State Department of Insurance. In a second and separate cause of action plaintiff seeks punitive damages because the "insurance policy is intentionally and maliciously weighted against the assured [and] Refusal on the part of the defendants to pay this or a similar claim is unconscionable to plaintiff and prejudicial to society." This second cause of action should have been dismissed. Initially, it must be noted that a demand for punitive damages does not amount to a separate cause of action for pleading purposes *(Knibbs v Wagner,* 14 AD2d 987; *Dworski v Empire Discount Corp.,* 46 Misc 2d 844). Of more crucial significance in this case is the fact that plaintiff's allegations, as a matter of law, do not support an award of punitive damages. Plaintiff's second cause of action is predicated upon a breach of a private contract, i.e., a policy of fire insurance, the form of which was approved by the appropriate regulatory agency of New York State; defendants' answer is based upon allegations which, if proven, have always been legally recognized as valid defenses. The Court of Appeals, in *Garrity v Lyle Stuart, Inc.* (40 NY2d 354, 358), recently restated the general principle that "It has always been held that punitive damages are not available for mere breach of contract, for in such a case only a private wrong, and not a public right, is involved". Even in cases of fraud, punitive damages may be recovered only "where the fraud, aimed at the public generally, is gross and involves high moral culpability" *(Walker v Sheldon,* 10 NY2d 401, 405). With respect to the specific issue of the viability of a claim for punitive damages against an insurance company, the court, in *Buttignol Constr. Co. v Allstate Ins. Co* (22 AD2d 689), quoting *Walker v Sheldon (supra),* held that punitive damages do not lie against an insurance company unless the latter "in its dealings with the general public, had engaged in a fraudulent scheme evincing such

'a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations' *(Walker v. Sheldon,* 10 N Y 2d 401, 405)' ". Obviously, no such scheme is presented or even hinted at in the pleadings herein. Accordingly, the defendants' motion to strike plaintiff's second cause of action for punitive damages should have been granted. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.