◼ BINNIE LAZARUS, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent.—In an action on a policy of life insurance, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered October 15, 1976, which is in favor of defendant upon the trial court's dismissal of the complaint at the close of a jury trial. Judgment affirmed, without costs or disbursements. Larry Kurtz was employed by the Louis Dreyfus Corp. and was covered by a group life insurance policy held for the employees of that company. By the terms of the policy, coverage terminated 30 days after an employee left the Louis Dreyfus Corp. On January 28, 1964 Kurtz failed to show up for work and has not been heard from since. Acting on the presumption that he is dead (see former Decedent Estate Law, § 80-a), his former wife, who was the designated beneficiary under the policy, seeks to recover payment. In order to recover under the group policy, it was incumbent upon plaintiff to prove that the insured died within 30 days after he last worked for Louis Dreyfus Corp. To establish that contention, plaintiff testified that Kurtz was a bookmaker whose life had been threatened on several occasions for welshing on his obligations. She testified that in August, 1963 a "big guy" came to her door and told her that her husband would be in a "cement box" unless "he stops what he is doing". She stated that she received several telephone threats prior to that date. This is the only substantive testimony as to a specific peril which endangered Kurtz' life (see *Matter of Podkowik,* 114 NYS2d 710). On cross-examination plaintiff testified that Kurtz' mother received a note from her son shortly after January 27, 1964 in which he stated that he would be out of town for a few days. As noted, the trial court dismissed the complaint on the ground that plaintiff had failed to prove a prima facie case in that she did not present any evidence of a specific peril which would justify the inference that Kurtz had died before the 30-day period had elapsed. The case of *Kutner v New England Mut. Life Ins. Co. of Boston* (57 AD2d 697) does not affect our position. There a sharply divided court held that there was not sufficient evidence to invoke the presumption of death because of a five-year continuous period of absence (see EPTL 2-1.7, subd [a]). The incidence of the 30-day period was not present in that case. Defendant's motion was properly granted. Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.

◼ WENDY LIFE, Individually and on Behalf of Her Minor Child, CHENA