■      STEVE KLEINER et al., as Guardians of the Persons and Property of IRENE SOKOLOFF and Another, Infants, Appellants, v THOMAS JEFFERSON LIFE INSURANCE COMPANY, Respondent.—Order of the Supreme Court, New York County, entered September 23, 1977, which, *inter alia,* granted plaintiffs' motion for summary judgment upon the first cause of action only to the extent of the amount tendered by defendant; denied plaintiffs' motion for summary judgment on the second cause of action; denied plaintiffs' motion for an assessment of damages upon the third cause of action; and, granted defendant's cross motion for summary judgment dismissing the third cause of action, unanimously modified, on the law, to grant summary judgment on the first cause of action for the face amount of the policy and interest from the date of death of decedent and otherwise affirmed, without costs or disbursements. As to the first cause of action, for policy proceeds and interest: Section 166-b of the Insurance Law, as amended effective September 1, 1975, provides in paragraph (a) that in the event an action to recover the proceeds due under a life insurance policy is commenced and results in a judgment against the insurer, "interest thereon shall be paid from the date of the death of [the] insured" and provides in paragraph (e) that the "provisions of this section shall not apply to policies or contracts issued prior to the effective date of this section which contain specific provisions to the contrary." The policy, issued March 18, 1972, does not contain any "specific provisions to the contrary". The provision relied upon by defendant, that the company "agrees to pay the face amount of the policy to the beneficiary upon receipt of due proof of the death of the insured" states nothing about interest. The company asserts that this mere undertaking to pay the face amount of the policy is a provision disavowing an obligation to pay interest and thus meets the requirements of subdivision (e) of section 166-b. It is reasonable to expect an insurer to defer payment of a claim until it receives due proof of death of the insured, but that provision does not, as required in order to come within subdivision (e) of section 166-b, specifically exclude the payment of interest from the date of death. Defendant's contention that, in any event, plaintiffs are not entitled to interest which accrued after June 7, 1977 because defendant tendered the sum of $133,210.36 into court on that date, is untenable. The tender included interest from February 3, 1977 only, not from date of death, September 4, 1975, and therefore was insufficient to obviate interest for the period subsequent to the date the tender was made (see CPLR 3219). As to the second cause of action, for accidental death: There appears to be a triable issue of fact as to whether the death of the insured was "accidental" (see *Silman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Falk v Goodman,* 7 NY2d 87, 91). As to the third cause of action, for punitive damages: There is in the pleadings and supporting affidavits nothing to

show that defendant's resistance to plaintiffs' claim was other than in good faith or proper business practice. Plaintiffs make no showing of fraudulent, criminal or dishonest acts by the insurer concerning or affecting the general public so as to warrant punitive or exemplary damages *(Walker v Sheldon,* 10 NY2d 401; *Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co.,* 91 Misc 2d 683; opn by Fein, J., affd 60 AD2d 800; see, also, *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). Settle order on notice. Concur—Birns, J. P., Silverman, Evans, Lane and Sandler, JJ.