■   JOAN V. KUTNER, Respondent, v NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Appellant. (Appeal No. 1.)—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff brought this action as the beneficiary of a $7,500 life insurance policy issued by defendant to her absentee former husband, who was 32 years of age when he left her in 1967. A prior action, on the same policy, was before us in *Kutner v New England Mut. Life Ins. Co. of Boston* (57 AD2d 697). In that action, we held that the statutory presumption of death (EPTL 2-1.7, subd [a]) could not be invoked by plaintiff to recover on the policy because of explanations for the absentee's disappearance which were contained in a letter sent by him to plaintiff shortly after he left. In light of the lack of countervailing evidence concerning the reasons for the absentee's disappearance, we affirmed an order granting summary judgment to defendant without prejudice to plaintiff's institution of a new action upon additional evidence. Following our decision, the son of plaintiff and the absentee made an application for letters of administration on the estate of the absentee in Surrogate's Court. After a hearing, the Surrogate granted the application, finding that the absentee was presumed dead. It is upon the granting of letters of administration by the Surrogate that plaintiff bases her present action. In addition to a first cause of action for recovery under the policy, plaintiff alleges a second cause of action seeking punitive damages for defendant's failure to settle in good faith her claim under the policy. Defendant moved for summary judgment and Special Term denied the motion. Upon reargument, the court affirmed its initial order. The granting of letters of administration is not prima facie evidence of death (e.g., *Bering v United States Trust Co. of N. Y.,* 201 App Div 35, 37) and is

not conclusive on the question of the absentee's death in this action (see *Carroll v Carroll*, 60 NY 121, 124). From the decision of the Surrogate, however, it is clear that additional proof was offered in the Surrogate's Court proceeding concerning the circumstances surrounding the absentee's disappearance. In light of the additional proof before the Surrogate, we believe that defendant's motion for summary judgment on plaintiff's first cause of action was properly denied. As to plaintiff's second cause of action, however, defendant's motion for summary judgment should have been granted. Plaintiff has not shown any evidence of bad faith on the part of defendant in its failure to settle plaintiff's claim under the policy; nor has she demonstrated any other basis for the imposition of punitive damages (see *Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427; *Kleiner v Thomas Jefferson Life Ins. Co.*, 63 AD2d 636). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.