■ EVELYN GRANATO et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants.—In an action to recover compensatory and punitive damages based upon, *inter alia,* an alleged violation of a fiduciary obligation, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered December 5, 1977 which granted defendant Allstate Insurance Company's motion to dismiss the complaint as to it, pursuant to CPLR 3211 (subd [a], pars 5, 7). Judgment affirmed, with costs. Any damages caused by delay were on the whole preventable. Section 675 of the Insurance Law provided plaintiffs with a quick and easy method to resolve any dispute with respect to first-party benefits. The insurance

company cannot be held liable for plaintiffs' failure to utilize this remedy until 10 months after their benefits had been terminated. Plaintiffs' cause of action for punitive damages is also defective. In order to prove an action for punitive damages against an insurance company, it is necessary to show that "in its dealings with the general public [the insurance company], had engaged in a fraudulent scheme evincing such 'a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations' *(Walker v. Sheldon,* 10 N Y 2d 401, 405)." *(Buttignol Constr. Co. v Allstate Ins. Co.,* 22 AD2d 689, affd 17 NY2d 476; *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858; *Hubbell v Trans World Life Ins. Co. of N. Y.,* 70 AD2d 949). Plaintiffs' cause of action does not suggest that type of scheme and is therefore insupportable. Suozzi, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

Lazer, J. concurs in the affirmance of the judgment, with the following memorandum: While I concur, I do so on constraint of *M. S. R. Assoc. v Consolidated Mut. Ins. Co.* (58 AD2d 858) and *Buttignol Constr. Co. v Allstate Ins. Co.* (22 AD2d 689, affd 17 NY2d 476), I do not believe that a rule precluding an action by an insured against his carrier for damages in excess of policy limits unless the carrier is indulging in fraud in its dealings with the general public has current viability.