■ RUTH HUBBELL, Individually and as Executrix of SAMUEL N. HUBBELL, Deceased, Appellant, v TRANS WORLD LIFE INSURANCE COMPANY OF NEW YORK, Respondent.—In an action to recover damages by reason of defendant's bad faith and unlawful conduct in dealing with plaintiff's claim under an insurance policy, plaintiff appeals from an order of the Supreme Court, Nassau County, dated September 25, 1978, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7). Order affirmed, with $50 costs and disbursements. In a prior action on the insurance policy which is the subject of this action plaintiff recovered the benefits payable thereunder when this court reversed an order of Special Term and granted plaintiff's cross motion for summary judgment in the full amount of the policy (Hubbell v Trans World Life Ins. Co. of N. Y., 54 AD2d 94). Thereafter plaintiff commenced the instant action to recover compensatory, special and punitive damages from the defendant for breach of its obligation to perform in good faith with respect to the life insurance policy it issued to the plaintiff, and for its commission of unfair and deceptive acts in dealing with plaintiff's claim in order to avoid liability therefor. A claim for punitive damages may not form the basis for a separate action where, as in the case at bar, it is an element of the single total claim for damages for which recovery was already had in a prior action cast in breach of contract and where the breach involved a private wrong and not a public right (see Garrity v Lyle Stuart, Inc., 40 NY2d 354; cf. Knibbs v Wagner, 14 AD2d 987). Moreover, the allegations in the complaint in support of plaintiff's claim for the relief requested failed to demonstrate the existence of an adequate legal basis for the maintenance of an action for punitive damages against the defendant insurance company, to wit: that defendant as an insurer had engaged in fraudulent, criminal or dishonest acts or practices affecting the general public and not merely in an isolated transaction incident to an otherwise legitimate business (see Walker v Sheldon, 10 NY2d 401); or that in its dealings with the general public, defendant had engaged " 'in a fraudulent scheme evincing such "a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations" ' " (see M. S. R. Assoc v Consolidated Mut. Ins. Co.,

58 AD2d 858, 859; *Navas Mgt. Corp. v New York Prop. Ins. Assn.,* 62 AD2d 984; *Granato v Allstate Ins. Co.* 70 AD2d 948). Titone, J. P., Suozzi and Cohalan, JJ., concur.

Lazer, J. concurs in the affirmance of the order, with the following memorandum: While I concur, I do so on constraint of *M. S. R. Assoc. v Consolidated Mut. Ins. co.* (58 AD2d 858). A rule that prevents an insured who can make "an extraordinary showing of a disingenuous or dishonest failure to carry out a contract: *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437) from recovering damages in excess of policy limits unless the carrier is indulging in fraud in its dealings with the general public is outmoded and contrary to public policy. Unfortunately for this plaintiff her failure to set forth special damages and a "particularized statement of the reasonably identifiable and measurable losses suffered" also precludes her complaint from being read as pleading a cause of action for prima facie tort (see *Skouras v Brut Prods.,* 45 AD2d 646, 648).