■    HOLONESS REALTY CORP. et al., Respondents, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered September 13, 1979, denying defendant's motion to dismiss the fourth through ninth causes of action (denominated "Third through Eighth" in the notice of appeal), unanimously

reversed, on the law, with costs and disbursements, and the motion granted. Three weeks after the acquittal of two officers who were the sole stockholders of plaintiffs on a charge of arson arising out of a fire at the insured premises 15 months earlier, plaintiffs commenced this action against their fire insurer alleging three causes of action for breach of contract under the insurance policies (not at issue here), and six causes of action* for punitive damages of $1,000,000 due to the insurer's bad faith. The insurer moved to dismiss the latter causes of action pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. Special Term concluded that the bad faith allegations stated a cause of action whether the motion was considered as a motion to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7) or as a motion for summary judgment (CPLR 3211, subd [c]). We disagree. A claim for punitive damages against an insurer is cognizable in New York only in circumstances where a plaintiff has made sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public as to imply a criminal indifference to civil obligations. (M. S. R. Assoc. v Consolidated Mut. Ins. Co., 58 AD2d 858; see Walker v Sheldon, 10 NY2d 401, 405.) As stated by Special Term in another case: "where there is an allegation of fraudulent, criminal or dishonest acts or practices by the insurer as to or affecting the general public, a claim for punitive or exemplary damages may be made. Under the doctrine of Walker v Sheldon * * * it must be alleged and shown that there was a gross and wanton fraud upon the public involving a high degree of moral culpability, not merely an isolated transaction, although claimed to be fraudulent, incident to the otherwise legitimate business of the insurer." (Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co., 91 Misc 2d 683, 685, affd 60 AD2d 800.) A review of this complaint clearly indicates that plaintiffs have failed to allege the type of misconduct that would support a claim for punitive damages. It resorts to repetitive labels and meaningless verbiage, instead of stating the ultimate facts constituting the wrong. Moreover, insofar as the complaint attempts to plead fraud and breach of fiduciary duty, it runs afoul of CPLR 3016 (subd [b]) which requires that the circumstances constituting the wrong shall be stated in detail. Parenthetically, we note that it has been held that a demand for punitive damages does not amount to a separate cause of action for pleading purposes. (M. S. R. Assoc. v Consolidated Mut. Ins. Co., 58 AD2d 858, supra; Catalogue Serv. of Westchester v Insurance Co. of North Amer., 74 AD2d 837.) Whether defendant's motion is viewed as one for summary judgment or simply a common-law demurrer it should be granted and that part of the complaint to which it was addressed should be dismissed. Concur—Fein, J. P., Sullivan, Ross, Silverman and Carro, JJ.

---

* These causes were inaccurately numbered third through eighth since two separate and distinct causes of action were numbered "Third". The causes of action for punitive damages which run consecutively, therefore, should have been numbered "Fourth through Eighth".