■ WATERVIEW CATERING CORP., Doing Business as SEVEN NIGHT FEVER, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. — In an action to recover on a policy of insurance, defendant appeals from so much of an order of the Supreme Court, Suffolk County, entered June 18, 1980, as granted the branch of its motion which sought dismissal of the cause of action for punitive damages, to the extent indicated in its memorandum decision. Appeal dismissed, without costs or disbursements. Appellant is not aggrieved by the order appealed from (see CPLR 5511). We note, however, that in the event this case should proceed to trial, on the record before this court we can find no basis for plaintiff's claim for punitive damages. Plaintiff alleges only a single incident of willful breach of an insurance contract. This is insufficient to support a claim for punitive damages, which requires a showing of a gross and wanton fraud upon the general public. (See *Halpin v Prudential Ins. Co. of Amer.,* 48 NY2d 906, 907-908; *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570; *Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837, 838; *Granato v Allstate Ins. Co.,* 70 AD2d 948, 949.) Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.

■ In the Matter of CHARLES E. ALSTON, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the State Department of Correctional Services to recompute petitioner's sentence and conditional release date solely on the basis of the aggregate maximum term of petitioner's 1976 sentences, the department appeals from a judgment of the Supreme Court, Dutchess County, dated July 9, 1979, which granted the application. Judgment affirmed, without costs or disbursements. Since the only grounds for petitioner's current incarceration are his 1976 sentences, Special Term properly determined that appellant could not consider his 1967 and 1968 sentences in computing petitioner's conditional release date. Titone, J. P., Mangano, Gulotta and Weinstein, JJ., concur.