■ IB JAKOBSEN et al., Respondents, v WILFRED LABORATORIES, INC., Appellant, et al. Defendants. — In an action to recover damages for the termination of insurance coverage, Wilfred Laboratories, Inc. appeals from (1) so much of

an order of the Supreme Court, Richmond County (Goldberg, J.), dated June 18, 1982, as denied those branches of its motion which sought dismissal of all three causes of action in the complaint as against it for failure to state a cause of action and as denied that branch of its motion which sought, in the alternative, summary judgment dismissing the complaint as against it; and (2) an order of the same court, dated August 17, 1982, which denied appellant's renewed motion, *inter alia,* for summary judgment dismissing the complaint as against it. Order dated June 18, 1982, modified, on the law, by deleting so much of the second decretal paragraph as denied those branches of appellant's motion which sought dismissal of the second and third causes of action as to it, and substituting therefor a provision granting those branches of its motion. As so modified, order dated June 18, 1982 affirmed, insofar as appealed from, without costs or disbursements. Appeal from so much of the order dated August 17, 1982 as denied those branches of appellant's motion which sought summary judgment dismissing the second and third causes of action of the complaint dismissed as academic, in light of our determination with respect to the appeal from the order dated June 18, 1982, and order dated August 17, 1982 otherwise affirmed, without costs or disbursements. Plaintiff Laurie Jakobsen started working for appellant on November 2, 1975. After one year of full-time employment she obtained family coverage under a group major medical policy which appellant obtained through New York Life Insurance Company. On July 1, 1977, plaintiff Laurie Jakobsen ceased being a full-time employee. The manner in which her employment was terminated is a subject of dispute. Plaintiffs claim she was granted a maternity leave. Appellant claims she resigned. In either case, under the insurance policy plaintiffs' group major medical coverage terminated on plaintiff Laurie Jakobsen's last day of full-time employment, namely July 1, 1977. In order for the coverage to have remained in effect plaintiffs had to have converted the group policy to an individual policy. Section 162 of the Insurance Law requires the contract holder, Wilfred Laboratories, or the insurer, New York Life Insurance Company, to notify the certificate holder, Laurie Jakobsen, of this conversion privilege. Whether or not appellant Wilfred Laboratories gave such notice is a disputed issue of fact. In any case, plaintiffs did not convert the policy and their major medical insurance therefore terminated on July 1, 1977. On August 13, 1977, plaintiffs' son was born with severe congenital defects. Plaintiffs claim that as a result they have already sustained thousands of dollars in medical expenses and will sustain even more in the future. Plaintiffs thereafter commenced this action against Wilfred Laboratories, Wilfred Academy of Hair and Beauty Culture and the insurer, New York Life Insurance Company. The first cause of action is based on the failure to give notice pursuant to the Insurance Law of the right to convert the major medical policy. The second cause of action is based on the breach of plaintiff Laurie Jakobsen's employment contract and breach of the insurance contract. The third cause of action seeks punitive damages for the failure to notify plaintiff Laurie Jakobsen of the right to convert the policy. The action against Wilfred Academy of Hair and Beauty Culture was dismissed in the June 18, 1982 order and no appeal was taken from so much of said order. The action against New York Life Insurance Company was subsequently settled. Thus, only the action against Wilfred Laboratories remains. We find that the second cause of action for breach of contract should have been dismissed. Plaintiffs fail to explain in what manner a contract was breached by the termination of the insurance. We find that the only wrongful act alleged is the claimed failure to give notice of the right to convert the insurance policy. This obligation to notify is not contractual, but statutory. Consequently, no cause of action can be maintained for breach of contract. The third cause of action must be dismissed because a

demand for punitive damages does not amount to a separate cause of action for pleading purposes (cf. *M.S.R. Assoc. v Consolidated Mut. Ins. Co.*, 58 AD2d 858). In any event, we find that plaintiffs do not allege facts demonstrating such a high degree of moral culpability so as to warrant a recovery for punitive damages (cf. *M.S.R. Assoc. v Consolidated Mut. Ins. Co.*, supra; *Hubbell v Trans World Life Ins. Co.*, 70 AD2d 949, affd 50 NY2d 899). The complaint merely alleges that appellant negligently or recklessly failed to give notice of the right to convert the insurance policy. There is no allegation that the failure to notify was done with a malicious intent to injure plaintiffs. We have examined appellant's other contentions and find them to be without merit. Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.