SAMOVAR OF RUSSIA JEWELRY ANTIQUE CORP., Respondent, v GENERALI, THE GENERAL INSURANCE COMPANY OF TRIESTE AND VENICE, Appellant.

First Department, June 21, 1984

#### APPEARANCES OF COUNSEL

*Eugene A. Leiman* of counsel (*Rein, Mound & Cotton,* attorneys), for appellant.

*Raymond B. Grunewald* of counsel (*Grunewald & Unger,* attorneys), for respondent.

#### OPINION OF THE COURT

KASSAL, J.

This is an action to recover on an insurance policy issued by defendant, which insured against, *inter alia,* theft of jewelry, antiques and antique jewelry at plaintiff's principal place of business at 225 East 14th Street, New York, New York. Defendant appeals from an order which denied its motion, pursuant to CPLR 3211 (subd [a], par 7), to

dismiss so much of the complaint by which plaintiff sought punitive damages and attorneys' fees.

It is alleged that on December 8, 1982, while the policy was in effect, an armed robbery occurred, resulting in a loss to plaintiff of property and jewelry valued at $218,168. After notice of the loss and demand for payment, the insurer canceled the policy, effective January 13, 1983, pursuant to the policy provision which authorized either party to cancel at any time, the insurer on five days' written notice.

In November, 1983, plaintiff brought this action to recover on the policy, commenced within the 12-month limitations period. In support of its demand for punitive damages and counsel fees, the insured alleged that the insurer had acted in bad faith and had delayed processing the claim and further, had refused to make an offer to settle or otherwise advise its assured that it would be barred from any remedy unless a suit was instituted within the contractual period of limitations. As alleged in the complaint, the acts of the insurer amounted to "a denial of coverage in a manner calculated to prevent lawful redress by an assured and constitute wilful, malicious and fraudulent breach of contract."

In denying the motion to dismiss the claims in the complaint for punitive damages and attorneys' fees, Special Term, relying upon *Gordon v Nationwide Mut. Ins. Co.* (30 NY2d 427), held that punitive damages could be recovered upon a showing of bad faith, by proof of a disingenuous or dishonest failure to carry out a contract. Construing the pleaded allegations of the complaint liberally and giving the plaintiff every favorable inference which can be reasonably drawn therefrom, the court found that plaintiff could recover if it demonstrated willful, malicious and fraudulent acts on the part of the defendant. It observed that the complaint charged that the insurer had intentionally delayed so as to cause the 12-month period of limitations to expire and that the delay, which was to the insurer's financial benefit, was designed to prevent the insured from timely instituting suit.

■■ We disagree and find, as a matter of law, that the complaint fails to state a cause of action to recover punitive

damages or attorneys' fees in what is concededly a private breach of contract action and, accordingly, we reverse the order to the extent appealed from and dismiss so much of the complaint as seeks exemplary damages and counsel fees.[*]

*Gordon v Nationwide Mut. Ins. Co. (supra)* relied upon by Special Term, concerns a situation where liability was sought to be imposed on a liability insurance carrier for the failure or refusal of the insurer to settle within policy limits an underlying negligence action brought by a third party. In such a situation, liability in excess of the face amount of the policy may be fastened on the carrier upon a showing of bad faith in failing to settle the underlying action within the insurance coverage. This, however, is conceptually and legally a far different situation than that posed in this case, where an insured seeks to recover a claim for coverage under its own insurance policy. The Court of Appeals recognized in *Halpin v Prudential Ins. Co.* (48 NY2d 906, 907) that the principle of *Gordon v Nationwide Mut. Ins. Co. (supra)* does not apply to an action involving a first-party claim by an insured against its own insurer.

■ Generally, an insurer's liability is limited to the face amount of the policy, plus appropriate interest. Allegations that the breach by the insurer of its obligations under the policy was done " 'willfully and without justification' " are insufficient to authorize a recovery of punitive damages (*Diamond v Mutual Life Ins. Co.*, 77 Misc 2d 528). It is well established in this State that a claim for punitive damages against an insurance company requires a showing of morally reprehensible conduct directed at the general public, i.e., a public wrong as opposed to a mere private wrong. The operative standard originated in *Walker v Sheldon* (10 NY2d 401) a fraud action, where the court upheld a cause of action for punitive damages where the fraud was directed at the general public and involved a high degree of moral culpability. In adopting the public wrong standard, the Court of Appeals observed (10 NY2d, at p 406): "It may be difficult to formulate an all-inclusive rule or principle as

---

[*] Defendant's appeal from so much of the order as denied its motion made pursuant to CPLR 3024 (subd [b]), to strike scandalous and prejudicial matter from the complaint, was dismissed by us on consent, on April 5, 1984.

to what is an appropriate case for the recovery of punitive damages, but it is our conclusion that the allegations of the complaint before us, if proved, would justify such an award. The pleading charges that defrauding the general public into entering publishing contracts, such as the one involved in the present case, was the very basis of the defendants' business. What is asserted is not an isolated transaction incident to an otherwise legitimate business, but a gross and wanton fraud upon the public. It follows, therefore, that the courts below were thoroughly justified in refusing to strike the allegations which pertain to punitive damages."

We have consistently adhered to the standard of *Walker v Sheldon* (*supra*) in rejecting claims for punitive damages unless there is a showing of wanton dishonesty as to imply a criminal indifference to civil obligations — morally culpable conduct directed at the general public, a public as opposed to a mere private wrong. The principle has been adopted by the Court of Appeals (*Halpin v Prudential Ins. Co.*, 48 NY2d 906, *supra*) and has been consistently followed in this Department (*Royal Globe Ins. Co. v Chock Full O'Nuts Corp.*, 86 AD2d 315; *Cook v Hartford Fire Ins. Co.*, 97 AD2d 731; *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 75 AD2d 569; *Cohen v New York Prop. Ins. Underwriting Assn.*, 65 AD2d 71; *Kleiner v Jefferson Life Ins. Co.*, 63 AD2d 636; *John C. Supermarket, Inc. v New York Prop. Ins. Underwriting Assn.*, 60 AD2d 807; *Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co.*, 60 AD2d 800, affg 91 Misc 2d 683). The decisions in the Second Department are to the same effect (*Shapiro v Prudential Ins. Co.*, 81 AD2d 661; *Waterview Catering Corp. v New York Prop. Ins. Underwriting Assn.*, 79 AD2d 973; *M.S.R. Assoc. v Consolidated Mut. Ins. Co.*, 58 AD2d 858).

*Greenspan v Commercial Ins. Co.* (57 AD2d 387), a 1977 Third Department opinion, relied upon by plaintiff, which in *obiter dictum* suggests that a valid cause for punitive damages may exist in the absence of a "public fraud," has not been followed by decisions in this Department, which form an unbroken line of authority applying the public wrong concept. The view expressed in *Greenspan* is con-

trary to the overwhelming authority in the State and, in this connection, the United States Court of Appeals for the Second Circuit observed in *Durham Inds. v North Riv. Ins. Co.* (673 F2d 37, 41, n 2) that "[s]o far as *Greenspan* conflicts with the cited cases here, it does not represent the prevailing New York view."

In *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.* (*supra*) Justice Fein, in a scholarly and exhaustive analysis of the issue, observed that "[t]here must be a showing of such morally culpable conduct and wanton dishonesty as to imply a criminal indifference to civil obligations" (86 AD2d, at pp 318-319). In relation to the requirement that there be morally reprehensible conduct directed at the general public, we held (86 AD2d, at p 319): "It is plain that a mere breach of a private contract in the nature of a policy of insurance simply does not support a claim for punitive damages (*Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 75 AD2d 569, 570; *Buttignol Constr. Co. v Allstate Ins. Co., supra* [22 AD2d 689, affd 17 NY2d 476]; *M.S.R. Assoc. v Consolidated Mut. Ins. Co., supra* [58 AD2d 858]), even where the acts complained of are alleged to be willful and unjustified (*Waterview Catering Corp. v New York Prop. Ins. Underwriting Assn.*, 79 AD2d 973; *Catalogue Serv. of Westchester v Insurance Co. of North Amer.*, 74 AD2d 837, 838)."

In *Royal Globe* (*supra*), we rejected the same claim made by plaintiff here, and held that the standard of *Walker v Sheldon* (*supra*), concerning the recovery of punitive damages in breach of contract actions, has not been relaxed by *Borkowski v Borkowski* (39 NY2d 982). In *Borkowski,* the action was brought to set aside a fraudulent conveyance, which we observed in *Royal Globe,* was "a far cry from an action for breach of contract" (86 AD2d, at p 320). In contract actions, generally, where punitive damages are sought, there must be proof of more than a mere private wrong (see *Merrick v Four Star Stage Light.*, 60 AD2d 806, 807, where it was observed that the wrongdoing must be "of a continuous and systematic nature, and aimed at the public generally"). In *Garrity v Lyle Stuart, Inc.* (40 NY2d 354) decided after *Borkowski,* the Court of Appeals reaffirmed the *Walker v Sheldon* principle, "[i]t has always

been held that punitive damages are not available for mere breach of contract, for in such a case only a private wrong, and not a public right, is involved" (40 NY2d, at p 358).

As applied here, the complaint does not allege fraudulent, criminal or dishonest acts by the insurer concerning or affecting the general public so as to permit recovery of exemplary damages. The action is founded solely upon a private breach of contract with one insured and there is no allegation of a fraudulent and deceitful scheme in dealing with the general public to imply a criminal indifference to civil obligations. The assertion that the insurer deliberately delayed processing the claim is insufficient standing alone and, while delay in payment on the policy will authorize interest which runs from the date of the loss, it will not, without more, support a claim for punitive damages.

In *Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co. (supra)* punitive damages were sought upon the assertion that the insurer deliberately sought to avoid payment under the policy to destroy plaintiffs' business and to prevent them from reopening, clearly morally reprehensible conduct and far more culpable than that alleged here. Nevertheless, on a motion to dismiss addressed to the face of the pleading pursuant to CPLR 3211 (subd [a], par 7), the court there dismissed so much of the complaint as sought to recover punitive damages. Relying upon the doctrine of *Walker v Sheldon (supra)*, it held that "it must be alleged and shown that there was a gross and wanton fraud upon the public involving a high degree of moral culpability, not merely an isolated transaction, although claimed to be fraudulent, incident to the otherwise legitimate business of the insurer" (91 Misc 2d, at p 685).

The claim that the insurer had willfully failed to pay the claim and that this resulted in damage to plaintiff's business is likewise deficient to entitle plaintiff to recover attorneys' fees. As we observed in *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.* (86 AD2d, at p 321) "[a]ttorneys' fees are inappropriate in the absence of a valid claim for punitive damages or a contractual basis therefor." (See, also, *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21.)

Accordingly, the order, Supreme Court, New York County (Seymour Schwartz, J.), which denied defendant's motion to dismiss so much of the complaint as sought punitive damages and attorneys' fees, should be reversed to the extent appealed from, on the law, without costs or disbursements, the motion granted, and the complaint dismissed only to the extent plaintiff seeks to recover punitive damages and attorneys' fees.

KUPFERMAN, J. P., ASCH and SILVERMAN, JJ., concur.

Order, Supreme Court, New York County, entered on February 3, 1984, unanimously reversed, on the law, to the extent appealed from, without costs and without disbursements, the motion granted, and the complaint dismissed only to the extent plaintiff seeks to recover punitive damages and attorneys' fees.