■ ARPINDO CORPORATION, Respondent, v INSURANCE COMPANY OF NORTH AMERICA, Appellant. — Order, Supreme Court, New York County (Freedman, J.), entered December 12, 1984, denying defendant's motion to dismiss the second cause of action in the complaint which sought punitive damages, unanimously reversed, on the law, without costs, and the motion to dismiss the second cause of action is granted.

In an action to recover under a fire insurance policy for damages allegedly sustained as a result of a fire, and further seeking punitive damages, defendant appeals from Special Term's order denying its motion to dismiss the second cause of action seeking punitive damages.

It is alleged in the second cause of action that the defendant insurance company falsely represented at the time plaintiff secured the policy of insurance sued upon that it would honor claims for loss or damages within the coverage of the policy. The complaint alleges that the defendant never intended to pay such claims but instead meant to use its bargaining power to force the plaintiff and others similarly situated to accept lesser amounts in settlement of their claims.

The issue presented is essentially the same as that addressed by this court in *Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co.* (102 AD2d 279). For the reasons set forth at length in that opinion (at pp 281-282), the allegations in the second cause of action are legally insufficient to establish a claim for punitive damages. (*See also, Halpin v Prudential Ins. Co.*, 48 NY2d 906; *Royal Globe Ins. Co. v Chock Full O' Nuts Corp.*, 86 AD2d 315.) Concur — Murphy, P. J., Sandler, Asch, Fein and Milonas, JJ.

■ JEROME H. BARR et al., as Executors of MILTON KAUFMAN, Deceased, Respondents, v HYMAN RAFFE, Appellant and Third-Party Plaintiff-Appellant. EUGENE DANN et al., Third-Party Defendants-Respondents. — Seven orders, Supreme Court, New York County, entered respectively, on May 9, 1984, August 10, 1984, September 25, 1984, and four orders entered on October 12, 1984 (all Ethel Danzig, J.), and order of said court (Thomas Sinclair, J.), entered on or about August 27, 1984, unanimously affirmed, without costs and without disbursements; and appeals from two orders of the Special Referee dismissed as nonappealable, without costs and without disbursements. No opinion. Concur — Murphy, P. J., Kupferman, Sullivan, Kassal and Rosenberger, JJ.