■ THEODORE VALIS, JR., Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—In an action to recover under a homeowners' insurance policy, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated September 18, 1986, as denied that branch of its motion which was to strike the plaintiff's demand for punitive damages without prejudice to renew after the conclusion of disclosure.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of defendant's motion which was to strike the plaintiff's demand for punitive damages is granted.

The plaintiff's demand in the complaint for punitive damages was based on an allegation that the defendant insurer had failed to pay a claim for burglary insurance, "which conduct is * * * wilful and malicious". However, it is well settled that "[a] claim for punitive damages against an insurer is cognizable in New York only in circumstances where a

plaintiff has made sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public as to imply a criminal indifference to civil obligations" *(Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570; *Philips v Republic Ins. Co.,* 108 AD2d 845, *affd* 65 NY2d 1000; *Catalogue Serv. v Insurance Co.,* 74 AD2d 837; *Granato v Allstate Ins. Co.,* 70 AD2d 948; *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 321). Allegations against an insurer for breach of an insurance contract, even a breach committed willfully, and without justification, as is alleged in the instant complaint, are insufficient for recovery of punitive damages *(Catalogue Serv. v Insurance Co., supra).* Accordingly, the order is reversed insofar as appealed from, and that branch of the defendant's motion which was to strike the plaintiff's demand for punitive damages is granted. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.