■ ARTHUR R. ALDRICH, Appellant, v AETNA LIFE AND CASUALTY INSURANCE COMPANY, Respondent.

The plaintiff's demand for punitive damages is premised on an allegation that defendant's failure to pay certain claims pursuant to a health insurance policy was "arbitrary, capricious, in bad faith, and in violation of law". However, "it is well settled that '[a] claim for punitive damages against an insurer is cognizable in New York only in circumstances where a plaintiff has made sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public as to imply a criminal indifference to civil obligations' " *(Valis v Allstate Ins. Co.,* 132 AD2d 658, 658-659, quoting *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570). The only fact alleged in the plaintiff's complaint is that the defendant breached the contract of insurance by refusing to pay the plaintiff's claims. The plaintiff's conclusory allegation as to the defendant's motive for that refusal is an insufficient premise for a demand for punitive damages *(see, Valis v Allstate Ins. Co., supra,* at 659; *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn., supra; Catalogue Serv. v Insurance Co.,* 74 AD2d 837, 90 AD2d 838). Moreover, the Supreme Court's implicit denial of plaintiff's request for leave to replead was proper. The plaintiff failed to posit the existence of facts which would support a claim for either punitive damages or attorneys' fees *(see,* CPLR 3211 [e]; *cf., Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21). Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.

■ SHAUNA BIANCHINI, an Infant, by FRANK BIANCHINI, Her