■ PAUL LEBRON, JR., Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.

The plaintiff Paul Lebron, Jr., is the alleged owner of a commercial building located in Brentwood, New York. On April 22, 1988, that building was severely damaged by a fire, and the plaintiff filed a claim seeking reimbursement for property damage and loss of rental income from his insurer, the defendant Allstate Insurance Company (hereinafter Allstate). Although Allstate subsequently settled the plaintiff's property damage claim for $352,000, the company refused to pay the plaintiff's claim for lost income, alleging that he had refused to comply with the "cooperation" clause of the subject fire insurance policy. Allstate's claim was predicated upon the alleged refusal of the plaintiff and his wife, who was not a party to the insurance policy, to cooperate with its investigation into the loss of rental income by signing authorizations permitting Allstate to obtain their 1986 and 1987 income tax returns directly from the Internal Revenue Service.

The plaintiff thereafter commenced this action to recover insurance proceeds for the loss of rental income caused by the

fire, as well as punitive damages. The defendant Allstate subsequently moved, *inter alia,* to strike the plaintiff's demand for punitive damages, and for summary judgment in its favor on its third affirmative defense, which alleged that the plaintiff had breached the "cooperation" clause of the subject policy, and its fourth affirmative defense, which alleged that the plaintiff had breached the "fraud and concealment" clause of the subject policy. The Supreme Court found that Allstate had failed to establish its entitlement to judgment as a matter of law on its affirmative defenses, and declined to strike the plaintiff's demand for punitive damages.

The Supreme Court erred in denying that branch of Allstate's motion which was to strike the demand for punitive damages. The plaintiff's claim for punitive damages is predicated solely upon Allstate's alleged wrongful refusal to pay his claim for rental loss. However, it is settled law that " ' "[a] claim for punitive damages against an insurer is cognizable in New York only in circumstances where a plaintiff has made sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public so as to imply a criminal indifference to civil obligations" ' " *(Aldrich v Aetna Life & Cas. Ins. Co.,* 140 AD2d 574, quoting from *Valis v Allstate Ins. Co.,* 132 AD2d 658, 658-659, quoting from *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570). Allegations against an insurer for wrongful breach of an insurance contract are insufficient for a recovery of punitive damages *(see, Aldrich v Aetna Life & Cas. Ins. Co., supra; Valis v Allstate Ins. Co., supra; see also, Roldan v Allstate Ins. Co.,* 149 AD2d 20, 40). Accordingly, we modify the order appealed from to grant that branch of Allstate's motion which was to strike the plaintiff's demand for punitive damages.

However, contrary to Allstate's contention, the Supreme Court properly denied summary judgment based on its claim that the plaintiff breached the "cooperation" clause of the subject policy. The record reveals that in response to demands made by Allstate during its investigation, the plaintiff provided the company with portions of his 1986 and 1987 income tax returns. The plaintiff also alleges that he authorized Allstate to review his bank statements and bank deposit tickets, and permitted Allstate representatives to contact his tenants in order to obtain information from them concerning their rent. Under these circumstances, we find that the issue of whether the plaintiff breached the subject policy by refusing to additionally authorize Allstate to obtain his income tax

returns directly from the Internal Revenue Service is an issue of fact which should await resolution at trial. Similarly, we find that the Supreme Court properly denied Allstate summary judgment in its favor on its fourth affirmative defense, since triable issues of fact exist as to whether the "fraud and concealment" clause of the policy was breached. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.