(May 9, 1994)

REZA AHMADI, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), Respondent. [612 NYS2d 50] —In an action, *inter alia,* to recover compensatory and punitive damages based upon breach of an insurance contract, bad faith, and unfair claims settlement practices, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), entered April 1, 1992, which granted the defendant's motion (1) for summary judgment dismissing the complaint and (2) to dismiss the causes of action seeking punitive damages for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted summary judgment to the defendant. The circumstances of this case, contrary to the plaintiff's contentions, do not indicate that the defendant has waived or should be estopped from asserting the two-year suit limitation provision contained in the subject insurance policy

*(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968; *Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820, 823; *Kaufman v Republic Ins. Co.,* 35 NY2d 867, 868; *Proc v Home Ins. Co.,* 17 NY2d 239, 245; *Fotochrome, Inc. v American Ins. Co.,* 26 AD2d 634, *affd* 23 NY2d 889; *McGoey v Insurance Co.,* 57 AD2d 945).

Additionally, the Supreme Court properly dismissed the plaintiff's claims for punitive damages because the plaintiff failed to present "sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public [or] to imply a criminal indifference to civil obligations" *(Valis v Allstate Ins. Co.,* 132 AD2d 658, 658-659; *see, Walker v Sheldon,* 10 NY2d 401; *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570; *Catalogue Serv. v Insurance Co.,* 74 AD2d 837). Moreover, "[t]he courts have repeatedly recognized that since unfair claim settlement practices may be redressed by administrative action pursuant to the Insurance Law, there is no need to recognize private causes of action for punitive damages" *(Telemaque v New York Prop. Ins. Underwriting Assn.,* 162 AD2d 444, 445; *Roldan v Allstate Ins. Co.,* 149 AD2d 20).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.