■ BREAD CHALET, INC., Respondent, v ROYAL INSURANCE COMPANY, Appellant. [639 NYS2d 73] —In an action to recover damages based upon a breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated October 7, 1994, which denied its motion pursuant to CPLR 3211 to dismiss the second and third causes of action of the complaint as well as the claims seeking consequential damages.

Ordered that the order is modified, on the law, by deleting therefrom the provision which denied those branches of the defendant's motion which were to dismiss (a) the plaintiff's demand for punitive damages contained in the second cause of action, and (b) the third cause of action sounding in prima facie tort, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff bakery commenced this action after it suffered a business loss allegedly covered by a binder agreement issued through the defendant insurance carrier's agent, and the carrier denied coverage. The carrier maintained the position that because the binder agreement was not received by it until over three months after it was issued by its agent, and over one month after the alleged loss, the agent was in violation of the "agency-company agreement", the binder was "unacceptable", and no coverage was in effect. The carrier further asserted that had it received the binder on a timely basis, it nevertheless would have been declined because of the carrier's prior dealings with the owner of the plaintiff bakery, who had been the principal of a previously-insured bakery whose insurance had been cancelled by the carrier for nonpayment of premiums.

The complaint contained causes of action to recover damages for breach of contract, bad faith dealings, and prima facie tort,

and included demands for contractual, consequential, and punitive damages. We conclude that several of these claims should be dismissed pursuant to CPLR 3211.

The claims for punitive damages, an "extraordinary remedy" *(Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 613), should be dismissed because the plaintiff failed to present " 'sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public [or] to imply a criminal indifference to civil obligations' " *(Ahmadi v Government Empls. Ins. Co.,* 204 AD2d 374, 375, quoting *Valis v Allstate Ins. Co.,* 132 AD2d 658, 658-659; *see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308; *Gentile v Continental Am. Life Ins. Co.,* 215 AD2d 626; *Sweazey v Merchants Mut. Ins. Co.,* 169 AD2d 43, 46).

Further, the third cause of action sounding in prima facie tort should also be dismissed. The plaintiff failed to allege that the carrier's sole motivation for denying coverage was to injure the plaintiff *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *Molinoff v Sassower,* 99 AD2d 528).

We have reviewed the carrier's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.