■ CAMELOT COACH CORP., Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant. (Action No. 1.) U.S. TRANSPORTATION SYSTEMS, INC., Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant. (Action No. 2.) [657 NYS2d 335] —In two consolidated actions to recover damages based upon breach of an insurance contract, the defendant in both actions appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered March 8, 1996, which, upon a jury verdict, is in favor of the plaintiffs in Action Nos. 1 and 2 and against it in the principal sum of $238,000, as compensatory damages, and in the principal sum of $462,000, as punitive damages. The appeal from the judgment brings up for review an order of the same court (Wood, J.), entered December 15, 1995, which denied the defendant's motion pursuant to CPLR 4404 to set aside the verdict.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiffs punitive damages; as so modified, the judgment is affirmed, without costs or disbursements.

The award of punitive damages, an "extraordinary remedy" (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613), cannot stand because the plaintiffs failed to present " 'sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public [or] to imply a criminal indifference to civil obligations' " (*Ahmadi v Government Empls. Ins. Co.*, 204 AD2d 374, 375, quoting *Valis v Allstate Ins. Co.*, 132 AD2d 658, 658-659; *see also, New York Univ. v Continental Ins. Co.*, 87 NY2d 308; *Bread Chalet v Royal Ins. Co.*, 224 AD2d 650; *Gentile v Continental Am. Life Ins. Co.*, 215 AD2d 626).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.