■ ALVIN PHILIPS et al., Respondents, v REPUBLIC INSURANCE COMPANY, Appellant. (And a Third-Party Action.) — In an action to recover damages for breach for an insurance agreement, defendant appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), dated June 29, 1983, as, upon a jury verdict, awarded plaintiffs the principal sum of $152,500 on plaintiffs' sixth cause of action.

Judgment reversed, insofar as appealed from, on the law and the facts, with costs, and plaintiffs' sixth cause of action is dismissed.

This action concerns the alleged failure of the defendant to abide by its obligations under a homeowner's insurance policy after a fire damaged the plaintiffs' house. The sixth cause of action alleges that the defendant conspired with the public adjuster retained by the plaintiffs to induce plaintiffs to accept

an unconscionably low offer to settle their claim and demands punitive damages. The sixth cause of action also alleges that, after plaintiffs refused said offer, the defendant set out to punish them by exercising its option to rebuild the house, and by then deliberately delaying the rebuilding process so as to inconvenience plaintiffs and cause further damage to their personal property. It is also alleged that the rebuilding was done in a deliberately faulty manner. The seventh cause of action alleges that defendant knowingly offered an unconscionably low amount to settle the claim, and that defendant has engaged in such "low balling" as a regular business practice.

At the close of defendant's case, the court dismissed the seventh cause of action on the ground that no evidence had been adduced which tended to prove that "low balling" was a regular practice of the defendant. No appeal has been taken from that portion of the judgment. As to the sixth cause of action, the jury returned a verdict of $152,500, and the propriety of that award is the sole issue on appeal.

With respect to a claim for punitive damages against an insurance company, it must be demonstrated that the said company " 'in its dealings with the general public, had engaged in a fraudulent scheme evincing such "a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker v. Sheldon,* 10 N Y 2d 401, 405)' " (*M.S.R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858, 858-859; *see also, Halpin v Prudential Ins. Co.,* 48 NY2d 906) and there must exist a gross and wanton fraud upon the public involving a high degree of moral culpability which does not involve an isolated transaction (*see, Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570). The mere showing of bad faith by establishing a dishonest failure to carry out a contract is not sufficient to award punitive damages (*Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co.,* 102 AD2d 279, 280).

A review of this record does not disclose such evidence as would support any claim by the plaintiffs to punitive damages, either with respect to an attempt to defraud the plaintiffs by deliberately offering a low figure in settlement, or in the delay in reconstruction of the residence or in the alleged faulty repair thereof. Accordingly, the award of punitive damages was erroneous, as a matter of law, because there existed no rational basis whereby the jury in the case could have based a finding in favor of the plaintiffs upon the evidence with respect to this cause of action (*see, Thompson v City of New York,* 60 NY2d 948, 950). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.