■ RONALD NOVAK et al., Respondents, v KENNETH RUBIN, Appellant.—In an action to recover damages, *inter alia,* for intentional interference with contractual relations and intentional infliction of emotional distress, the defendant appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated January 9, 1986, which denied his motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to amend their complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the defendant's motion, granting the plaintiff's cross motion for leave to amend their complaint, and substituting therefor provisions granting the defendant's motion to the extent of dismissing the third, sixth, seventh and ninth causes of action asserted in the plaintiffs' proposed amended complaint and otherwise denying the motion, and granting the plaintiffs' cross motion to the extent of permitting them to amend their complaint so as to add the eighth cause of action asserted in the proposed amended complaint and otherwise denying the cross motion. As so modified, the order is affirmed, without costs or disbursements.

The day after the parties were involved in an automobile accident, the defendant telephoned the plaintiff Ronald Novak and threatened to harm the career of his wife, the plaintiff Rose Novak, a writer of so-called "romantic fiction", if Ronald Novak pursued any claims against the defendant arising from the accident. The defendant claimed that he would do this through his contacts in the industry, specifically through his girlfriend Katherine Falk, a publisher of "Romantic Times", a romance novel trade newsletter. On the basis of this telephone call, the plaintiffs commenced the instant action asserting four causes of action to recover damages for intentional infliction of emotional distress, prima facie tort (intentional infliction of economic harm), harassment, and assault. The defendant then

moved for summary judgment dismissing the complaint. At an examination before trial, Rose Novak testified that a few days after the aforementioned telephone call, Katherine Falk called her and left a message that an article which they had previously agreed Rose Novak would write and submit for possible publication in Falk's newsletter would not be published until the matter of the car collision was settled. Ronald Novak testified that he knew that Falk had spoken to certain people at his wife's publishing company and had "casted [sic] aspersions" about her. The defendant testified that he intentionally ran into the plaintiffs' car. Thereafter, the plaintiffs moved for leave to amend their complaint in order to add new claims based on the "newly discovered evidence" that the defendant had intentionally run into their car. The court denied the defendant's motion for summary judgment, and granted the plaintiffs' cross motion for leave to amend their complaint. The amended complaint basically repleaded, with almost identical language, the four causes of action contained in the original complaint, enumerating them as the third, sixth, seventh, and eighth causes of action, and pleaded five new causes of action, enumerating them as the first, second, fourth, fifth, and ninth causes of action.

The court improperly granted the plaintiffs' cross motion for leave to amend their complaint and denied the defendant's motion for summary judgment with respect to the third, sixth, seventh, and ninth causes of action asserted in the proposed amended complaint. Specifically, the ninth cause of action asserted in the proposed amended complaint alleges that by the aforementioned phone call, "[the] defendant assaulted [the] plaintiff * * * by maliciously threatening him with physical harm if an insurance claim was brought". Since a transcript of a tape recording of the telephone call reveals that the defendant specifically disavowed any intention to physically harm the plaintiffs, there is no basis for this claim, and therefore it should be dismissed.

The sixth and seventh causes of action asserted in the proposed amended complaint seek to recover damages for intentional infliction of emotional distress based on the above telephone call. The defendant's conduct in the instant case was, as a matter of law, simply not "outrageous" enough to support such a claim. Therefore, these two causes of action should also be dismissed (see, Restatement [Second] of Torts § 46 [1]; Fischer v Maloney, 43 NY2d 553; Murphy v American Home Prods. Corp., 58 NY2d 293).

Finally, the third cause of action asserted in the proposed

amended complaint purports to set forth a claim for intentional interference with contractual relations; specifically, an improper attempt by the defendant to prevent the plaintiff from filing a claim against the insurance company that issued the policy covering the defendant's car. This claim must be dismissed, as the requirement that the defendant induce one of the parties to the contract to breach the contract cannot be established *(see, e.g., Israel v Wood Dolson Co.,* 1 NY2d 116; *Associated Flour Haulers & Warehousemen v Hoffman,* 282 NY 173; *Lamb v Cheney & Son,* 227 NY 418).

The eighth cause of action asserted in the proposed amended complaint, to recover damages for prima facie tort, which appeared in the original complaint as the third cause of action, states a valid claim and triable issues of fact exist as to that cause of action. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.