■ BERNARD FORD, Appellant, v VILLAGE OF SIDNEY, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Harlem, J.), entered January 26, 1987 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint.

From 1930 to 1951, Sidney Municipal Airport, which is owned by defendant, was located north of River Street in the Village of Sidney, Delaware County. Between 1951 and 1954 a second airport runway was built south of River Street. Both runways were used from 1954 to 1975. In 1972 defendant, pursuant to agreement with the Federal Aviation Administration and the State Department of Transportation, undertook construction of an improved runway and modern hangar located south of River Street. A new hangar was dedicated and placed in service on September 21, 1975. The original hangar was then leased on February 7, 1977 by defendant to Clarence Barrows for other than aeronautical purposes, specifically for the repair of trucks. It was also leased on July 5, 1979, to Keith Clark, Inc. for storage. On August 5, 1980, defendant conveyed the former airport property, including the original hangar, to the Village of Sidney Industrial Development Agency (hereinafter IDA) for development as an industrial park.

Between 1976 and 1986, plaintiff acted as manager of the new airport. During this time, plaintiff's closely held corporation, Ford-Aire, Inc., contracted with defendant to lease space in the new airport hangar. From 1981 to 1984 plaintiff used

the original hangar for storage and allegedly used an opening in the fence surrounding the new airport to transport aircraft to and from the original hangar. In October 1984 plaintiff expended $25,000 in improvements to the original hangar in consideration of the right of continued use thereof. Thereafter, in October 1985, he entered into an agreement with the IDA to lease the premises for $100 per month.

In February 1986 Ford-Aire, Inc. notified defendant of its intent not to exercise its right of first refusal with respect to its lease of space in the new hangar and defendant declined to renew its management agreement with plaintiff. Meanwhile, plaintiff entered into an agreement with the IDA to purchase the former airport property. Thereafter, however, defendant notified the IDA that it was opposed to the sale of the former airport property to plaintiff, and the purchase of the property was never effected.

Plaintiff then commenced the instant action, alleging 5 causes of action. After joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion in its entirety. On this appeal, plaintiff has limited his argument to the dismissal of his causes of action for an easement by implication, tortious interference with contractual relations and violation of General Business Law § 340.

We affirm Supreme Court's dismissal of plaintiff's cause of action for an easement by implication, holding that the access afforded to plaintiff through the opening in the airport fence constituted nothing more than a license revocable at the will of defendant. Three elements must be present in order to establish an easement by implication. They are: "(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land" (*Abbott v Herring*, 97 AD2d 870, *affd* 62 NY2d 1028). Moreover, each of the required elements must exist at the time the parcel is separated. Further, the easement must be in use at the time the land is severed. Here, the claimed easement was not in use at the time the former airport property was initially conveyed to the IDA on August 5, 1980. Prior to this date but after the new hangar was placed in service, the subject property was leased to third parties and used for nonaeronautical purposes. Such use, coupled with the plan to phase out the original hangar upon construction of the new one, rendered the claimed easement no longer operative.

Next, we hold that Supreme Court properly dismissed plaintiff's cause of action for tortious interference with contractual relations. While it is true that the chairman of the IDA sent a letter to plaintiff on April 2, 1986, which confirmed a prior conversation between the parties and set forth the terms of the IDA's agreement to sell the former airport property to plaintiff, it is also true that the IDA, in furtherance of the sale, submitted a subdivision proposal to the Village Planning Board for approval on May 19, 1986. The IDA's letter also set forth May 31, 1986 as the closing date. It is axiomatic that breach of the contract is a necessary element of a cause of action for tortious interference with contractual relations (see, Inselman & Co. v FNB Fin. Co., 41 NY2d 1078, 1080; Gregoris Motors v Nissan Motor Corp., 80 AD2d 631, affd 54 NY2d 634). Failure to close by May 31, 1986 because of inaction by the Village Planning Board was merely the nonfulfillment of a condition precedent rather than a breach of contract.

Lastly, we also concur in Supreme Court's dismissal of plaintiff's cause of action for violation of General Business Law § 340. This statutory provision prohibits contracts, agreements, arrangements and combinations which establish monopolies or restrain competition. Plaintiff's allegations are conclusory in nature and fail to substantiate his claim that defendant's actions violated this statute.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.