■ ESTATE OF LOUIS A. ROTH et al., Respondents, v ERHAL HOLDING CORP. et al., Appellants.—In an action to recover damages for breach of a stipulation of settlement and for tortious interference with contract, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Palella, J.), entered January 9, 1987, which, *inter alia,* (a) granted those branches of the plaintiffs' motion which were for leave to serve a supplemental complaint and for partial summary judgment as to the defendant Erhal Holding Corp. (hereinafter Erhal), and (b) denied the defendants' cross motion for summary judgment, and (2) an order of the same court (Walsh, J.), entered June 3, 1987, which, among other things, denied the defendants' motion for partial summary judgment dismissing the third and fourth causes of action of the complaint as against the defendant Erhal, and to dismiss the complaint in its entirety as against the defendant Halpern.

Ordered that the order entered January 9, 1987 is modified, on the law, by deleting the provisions thereof which granted those branches of the plaintiffs' motion which were for partial summary judgment as to the third and fourth causes of action of the plaintiffs' complaint and for summary judgment against

Ernest Halpern on the remaining causes of action, and denied those branches of the defendants' cross motion which were to dismiss the third and fourth causes of action and the remaining causes of action as against the defendant Ernest Halpern, and substituting therefor provisions denying those branches of the motion and granting those branches of the cross motion and severing the action as against Erhal; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered June 3, 1987 is dismissed as academic, without costs or disbursements, in light of the determination on the appeal from the order entered January 9, 1987.

It is undisputed that in February 1979 the plaintiffs, as mortgagees of a certain parcel of real property situated within the Town of Cortlandt, commenced an action seeking foreclosure and sale of the mortgaged property. The defendant Erhal, which held a subordinate participating mortgage interest in the premises, was named as a defendant in the plaintiffs' foreclosure action. A judgment of foreclosure was subsequently obtained by the plaintiffs, after which the plaintiffs and the defendant Erhal entered into a stipulation which provided in part as follows: "ERHAL agrees that it shall not oppose nor object to Plaintiffs completing the foreclosure herein and shall fully cooperate with Plaintiffs in obtaining the foreclosure and sale of the subject premises". Notwithstanding the above language, Erhal thereafter moved by order to show cause dated August 20, 1980 to stay the impending forced sale of the property, to vacate the judgment of foreclosure, and to have the principal balance due on the mortgage recomputed. A hearing concerning, *inter alia,* Erhal's motion was held after which the stay apparently was vacated and the sale was permitted to proceed. The plaintiffs allegedly took title to the subject realty in May 1981 and subsequently commenced the instant action against Erhal and its principal, the defendant Halpern, seeking compensatory and punitive damages occasioned by Erhal's breach of the stipulation agreement.

While the present action was pending and the plaintiffs were negotiating a sale of the realty to a third party, they discovered that Erhal had filed a notice of pendency on the property and had cautioned the prospective purchaser of the premises that it possessed a "continuing lien" on the property. Hence, the plaintiffs were required to place $125,000 as security in an escrow account in order to complete the sale of the

parcel, and they thereafter obtained an order vacating the notice of pendency. The plaintiffs subsequently moved in the instant action for various relief, including leave to serve a supplemental complaint asserting an additional cause of action to recover damages for tortious interference with contract, and for summary judgment on the complaint. The defendants cross-moved for summary judgment, contending, *inter alia,* that the complaint should be dismissed as against the defendant Halpern because he was a corporate principal who was not a party to the stipulation and who therefore could not be liable for its breach by the corporation. In the order appealed from entered January 9, 1987, the Supreme Court, Westchester County, denied the defendants' cross motion and granted the plaintiffs' motion in all respects, directing an assessment of the plaintiffs' damages and the extent of the defendant Halpern's personal liability for the tortious conduct in filing the notice of pendency.

The defendants then moved to dismiss the third and fourth causes of action of the complaint which respectively sought punitive damages for breach of the stipulation and damages for tortious interference with contract. Additionally, they sought dismissal of the complaint in its entirety as against the defendant Halpern for the reasons previously stated. The court denied that motion in the order entered on June 3, 1987, reasoning that the order entered January 9, 1987 had disposed of these matters in favor of the plaintiffs. We now modify the January 9, 1987 order by dismissing the causes of action seeking punitive damages and damages for tortious interference with contract and by dismissing the entire complaint insofar as it is asserted against the defendant Halpern.

Initially, we note that by seeking a stay of the foreclosure and sale and a recomputation of the mortgage balance, the defendant Erhal clearly breached its obligation pursuant to the stipulation to neither "oppose nor object to [the] completing [of] the foreclosure * * * and [to] fully cooperate * * * in obtaining the foreclosure and sale of the subject premises". Hence, with respect to the plaintiffs' first two causes of action seeking compensatory damages for the breach of the stipulation the plaintiffs were entitled to summary judgment. However, the dismissal of the claim for punitive damages set forth in the third cause of action is warranted herein, as an award of such damages is not available for the breach of a mere private contract *(see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Supreme Automotive Mfg. Corp. v Continental Cas. Co.,* 126 AD2d 153, *lv dismissed* 69 NY2d 1038), even where there is a

showing that the breach was occasioned by an intentional failure to comply with the terms of the parties' agreement *(see, e.g., Burger v Brookhaven Med. Arts Bldg.,* 131 AD2d 622; *Philips v Republic Ins. Co.,* 108 AD2d 845, *affd* 65 NY2d 1000).

Moreover, the fourth cause of action seeking damages for tortious interference with contract similarly must be dismissed, as an essential element of such a claim is the malicious procurement of the breach of a valid contract *(see, Inselman & Co. v FNB Fin. Co.,* 41 NY2d 1078; *Israel v Wood Dolson Co.,* 1 NY2d 116; *Novak v Rubin,* 129 AD2d 780, *rearg granted and lv denied* 133 AD2d 223). The plaintiffs have failed to allege that a breach of the contract of sale of the property occurred herein, and it instead appears that the subject realty was sold by the plaintiffs to a third party despite the existence of the notice of pendency filed by the defendant Erhal. In the absence of such a breach, the plaintiffs' fourth cause of action cannot lie.

Furthermore, summary judgment dismissing the entire complaint as against the individual defendant Halpern should have been granted, as Halpern was not a signatory to the stipulation and could not be held personally liable for the corporate defendant's breach thereof, nor did the plaintiffs come forward with evidence of any actionable tortious conduct on the part of Halpern which might subject him to personal liability *(see, e.g., Murtha v Yonkers Child Care Assn.,* 45 NY2d 913; *Citicorp Retail Servs. v Wellington Mercantile Servs.,* 90 AD2d 532).

In view of the foregoing, we find it unnecessary to review the order entered June 3, 1987. We have considered the remaining contentions of the parties and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.