■ ANDREW DITCH, Respondent, v HARTFORD FIRE INSURANCE COMPANY et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff's residence was damaged by fire in 1982. The insurer, Hartford Accident and Indemnity Co., paid plaintiff $19,852.90 and withheld the sum of $3,503.45 until plaintiff could verify that he had substantially completed repairs. In 1985, plaintiff commenced an action against the insurer, alleging that it breached its obligations under the policy by refusing to pay any sum in excess of $23,356.35 and further alleging numerous acts of bad faith relating to the conduct of a construction company which had appraised the property at the insurer's request. That action was dismissed because it was not commenced within the two-year period of limitations set forth in the policy and because plaintiff failed to raise a factual issue concerning several allegations of the complaint.

Plaintiff commenced the present action in 1987, alleging that he substantially completed repairs to his residence and that the insurer refused to abide by its earlier agreement to pay the remaining $3,503.45. Because this action is distinct from the previous claim brought under the policy, it is timely *(see,* 18A Couch, Insurance § 75:81 [rev 2d Rhodes]) and not barred by the prior dismissal *(see,* Siegel, NY Prac § 447). Defendants' motion for summary judgment on those grounds was properly denied.

The court erred, however, in failing to dismiss plaintiff's claim for punitive damages. Punitive damages are not recoverable for the failure to perform the obligations of a private agreement, even though the failure to perform was purposeful and in bad faith *(Philips v Republic Ins. Co.,* 65 NY2d 1000, *affg* 108 AD2d 845; *Parks v Cambridge Mut. Fire Ins. Co.,* 105 AD2d 1068). Also, plaintiff conceded that no claim exists

against Hartford Fire Insurance Company, and summary judgment should have been granted in favor of that defendant.

Accordingly, we modify the order to dismiss the cause of action for punitive damages and to dismiss the claim against Hartford Fire Insurance Co. (Appeal from order of Supreme Court, Jefferson County, Inglehart, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.