■ KRAUSE & KRAUSE et al., Appellants, v MARCIA L. GELMAN et al., Respondents. MARCIA L. GELMAN, Plaintiff, v SCOTT LEVY et al., Defendants.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on February 7, 1990, which, *inter alia,* dismissed the ninth, eleventh, thirteenth, fifteenth, seventeenth, twentieth, twenty-second and twenty-third causes of action of plaintiffs' amended verified complaint, unanimously affirmed, without costs.

This dispute involves a small law firm and one of its former associates. Those causes of action sounding in fraud, intentional infliction of emotional distress, abuse of process, prima facie tort and tortious interference were dismissed by the IAS court. We agree.

The cause of action for fraud fails to detail the facts and circumstances of the alleged fraud with respect to the misrepresentations alleged to have been made by the defendant *(see, Mance v Mance,* 128 AD2d 448, 449, *lv dismissed* 70 NY2d 668) and represents an attempt to sue for fraud based upon a breach of contract *(Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526, 527).

A breach of contract may sustain a cause of action for intentional infliction of emotional distress only in certain narrow circumstances *(see, Hoheb v Pathology Assocs., 146 AD2d 919)* which are not pleaded here and it cannot be said that the conduct alleged exceeds all reasonable bounds of decency *(James v Saltsman, 99 AD2d 797, 798).* Likewise, the claim of abuse of process is without foundation. The service of a summons and complaint or a counterclaim is not "process" susceptible of tortious abuse, even if maliciously motivated *(see, Stroock & Stroock & Lavan v Beltramini, 157 AD2d 590, 591).*

Plaintiffs' conclusory allegations do not satisfy the pleading requirement of specificity as to special damages *(Freihofer v Hearst Corp., 65 NY2d 135, 143)* or evince a disinterested malevolence *(Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333).* Nor is there any allegation that any third party was directly induced to breach their contract with the plaintiffs by the defendant so as to support a claim of tortious interference *(see, Novak v Rubin, 129 AD2d 780, 782).* Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.