■ GENI S. KRAUSE et al., Appellants, v MARCIA L. GELMAN et al., Respondents.—Order, New York County (Carol H. Arber, J.), entered on or about September 13, 1991, which *inter alia* denied that portion of plaintiffs' motion seeking to amend their complaint to add a proposed "seventh" cause of action seeking an accounting, and which directed plaintiffs' attorneys to pay counsel fees to defendant Gelman in the amount of $500 for their "vexatious tactics", is hereby modified, on the law and the facts, and in the exercise of discretion, to grant the motion insofar as it seeks leave to amend the complaint to assert a "seventh" cause of action for an accounting and to strike from the order the direction that plaintiffs' attorney pay counsel fees to defendant and, as modified, the order is otherwise affirmed, without costs.

The issue of the sufficiency of plaintiffs' pleadings has previously been before this court *(Krause & Krause v Gelman,* 167 AD2d 299). Plaintiffs have adequately stated a basis for an accounting against defendant, a former employee who is accused of diverting plaintiffs' business. An employee may not act in a manner which is inconsistent with his or her agency or trust and is bound to exercise the "utmost good faith and

loyalty" in the performance of his or her duties. Such being the case, the employee or agent may be held to account to the principal or employer for any secret profits, and may also forfeit his or her right to compensation for services rendered in the event the employee proves to be disloyal *(Gassman & Gassman v Salzman,* 112 AD2d 82, 83-84). The complaint sufficiently pleads defendant's purported disloyalty. Accordingly, the imposition of fees as a sanction is vacated. Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.