■ EMILY J. CROSS, Respondent, v JOSEPH W. ZYBURO et al., Appellants.—In two consolidated actions seeking, *inter alia,* a judgment declaring a deed a mortgage, specific performance of a repurchase agreement, and damages for fraud, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 9, 1990, which denied their cross motions to strike the plaintiff's demands for punitive and treble damages and to dismiss the plaintiff's claims for counsel fees, and granted the plaintiff's motion to set aside an ex parte order and judgment entered against her on December 5, 1989.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the defendants' cross motions to strike the demands for punitive and treble damages and to dismiss the claims for counsel fees, and substituting therefor a provision granting the defendants' cross motions; as so modified, the order is affirmed, without costs or disbursements.

On February 10, 1982, the plaintiff, Emily Cross, who was experiencing financial difficulties, conveyed her residence in Port Jefferson to Linda Zyburo in exchange for a promise that Zyburo and her husband, the defendant Joseph Zyburo would satisfy the plaintiff's debts. A lease was executed simultaneously with the conveyance, whereby the plaintiff was permitted to remain in her home in exchange for rent. The lease further provided that the plaintiff would be able to repurchase her home for the sum of $15,000 at a later date. According to the plaintiff, however, when she tried to exercise the repurchase option, Linda and Joseph Zyburo refused to honor it.

Thereafter, in May 1984 the plaintiff commenced an action against Linda Zyburo and Joseph Zyburo, alleging three causes of action. The first cause of action was for the equitable remedy of declaring the deed issued by the plaintiff to be a mortgage. The plaintiff's second cause of action was for specific performance of the repurchase option contained in the lease between the parties, and her third cause of action demanded treble damages for fraud. The plaintiff further sought to recover punitive damages upon her first and second causes of action, and counsel fees upon all three causes of action. One month later, the plaintiff commenced a second action against her attorney, Bernard S. Greco, similarly seeking to recover compensatory, treble, and punitive damages

resulting from his alleged participation in a scheme to defraud her of her property. The defendants Linda and Joseph Zyburo subsequently cross-moved to strike the plaintiff's demands for punitive and treble damages and to dismiss her claims for legal fees, and the defendant Greco made a similar application. The Supreme Court, *inter alia,* denied the defendants' cross motions, and the defendants now appeal.

The court erred in failing to grant the defendants' cross motions. "The law in this State is clear that recovery of exemplary damages in an action for breach of contract is not authorized where only a private wrong and not a public right is involved or in the 'ordinary' fraud case" *(Diker v Cathray Constr. Corp.,* 158 AD2d 657, 658, quoting from *Walker v Sheldon,* 10 NY2d 401, 405; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358). The instant record reveals that the transaction in question was merely a private one between the plaintiff and defendants. Therefore, in order to sustain a demand for punitive damages for a breach of contract, the plaintiff must show that the defendants' actions involved a degree of bad faith evincing a "disingenuous or dishonest failure to carry out a contract" *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437, *cert denied* 410 US 931; *Williamson, Picket, Gross v Hirschfeld,* 92 AD2d 289, 295). Moreover, to sustain a demand for punitive damages for fraud the plaintiff must show that the lawsuit involved allegations "of such a high degree of moral turpitude on the part of the defendants as to imply criminal indifference to civil obligations. Allegations of breach of a private agreement, even a breach committed willfully and without justification, do not establish such willful fraud or other morally culpable behavior to a degree sufficient to justify a recovery of punitive damages" *(JGS v Lifetime Cutlery Corp.,* 87 AD2d 810; *Estate of Roth v Erhal Holding Corp.,* 141 AD2d 693; *Giblin v Murphy,* 73 NY2d 769). Even were we to credit the plaintiff's account of what transpired, the plaintiff has failed to set forth facts and circumstances which would warrant the imposition of punitive or treble damages *(cf., V.J.V. Transp. Corp. v Santiago,* 173 AD2d 537).

Additionally, we find that the complaint fails to set forth any basis upon which the plaintiff would have been entitled to counsel fees. Counsel fees are incidents of litigation which a prevailing party may not collect unless an award is authorized by agreement between the parties, statute, or court rule *(see, Hooper Assocs. v AGS Computers,* 74 NY2d 487; *Cree v Cree,* 124 AD2d 538, 541). Real Property Law § 234 is inapplicable

here because the parties' lease only allows the landlord to recover counsel fees as an expense of rerenting the premises in the event the lease is terminated.

We find no basis for disturbing the Supreme Court's vacatur of the order and judgment entered December 5, 1989.

We have considered the defendants' contention that they are entitled to sanctions pursuant to 22 NYCRR 130-1.1, and find it to be without merit. Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.