■ STEVE J. LONGARIELLO, Appellant, v GETTY PETROLEUM CORPORATION et al., Respondents. [616 NYS2d 768] —In an action, *inter alia,* to recover damages pursuant to 15 USC § 45 and General Business Law § 349 (a) for the defendants' alleged failure to provide quality repairs to his motor vehicle, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered April 14, 1993, which, *inter alia,* reduced his potential damages to $309 and transferred the action to the Town Court of the Town of Pelham.

Ordered that the order is affirmed, with costs to the respondent Getty Petroleum Corporation.

None of the statutes or regulations relied on by the plaintiff support his claim for damages in excess of the repair bill for $309. Only the Federal Trade Commission can enforce 15 USC § 45; it provides no remedy to private persons *(see, American Airlines v Christensen,* 967 F2d 410, 414; *Alfred Dunhill Ltd. v Interstate Cigar Co.,* 499 F2d 232, 237; *In re "Agent Orange" Prod. Liab. Litig.,* 475 F Supp 928, 934). Likewise, there is no private remedy available to the plaintiff pursuant to 15 NYCRR 82.5 (b) and 82.5 (g) *(see,* 15 NYCRR 82.6). The court did not improvidently exercise its discretion in limiting his potential damages to $309 pursuant to General Business Law

§ 349 (h). The plaintiff's claim for punitive damages is without merit *(see, Cross v Zyburo,* 185 AD2d 967).

We also find that the Supreme Court properly transferred this case to the Town Court of the Town of Pelham pursuant to the requirements of UJCA 214.

The plaintiff's remaining contentions are without merit. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.