OPINION OF THE COURT
Judith J. Gische, J.
Defendant moves to dismiss plaintiff’s complaint on the ground that no legal or factual basis exists for plaintiff’s claim *157 that defendant tortiously interfered with a contract between plaintiff and C.J. Lawrence (C.J.).
Plaintiff is an employment agency. It prescreens candidates who are then referred to employers. Plaintiff is paid a commission when the employer hires a candidate referred by plaintiff.
According to the complaint, defendant was formerly employed by C.J. During the course of her employment, defendant requested that C.J.’s personnel department find her a secretary. C.J. hired plaintiff to refer candidates for the secretarial position. Plaintiff referred Amy Lichstein who was hired by C.J. following an interview and subsequent approval by defendant. Ms. Lichstein commenced employment on January 19, 1994. Plaintiff’s $5,000 commission (20% of Ms. Lichstein’s annual salary) for referring Ms. Lichstein was paid by C.J.
As part of the agreement between plaintiff and C.J., plaintiff promised that Ms. Lichstein would remain in C.J.’s employ for not less than 90 days, otherwise the $5,000 commission would be returned to C.J.
On or about March 7, 1994 defendant left C.J.’s employ for a position with Salomon Bros. At or before that time defendant offered Ms. Lichstein the opportunity to join her at Salomon Bros. Ms. Lichstein accepted the offer and left C.J. on March 7, 1994. Plaintiff returned the commission to C.J. and commenced this action on September 12, 1994. Defendant now moves to dismiss.
The tort of interference with contract requires proof of the following four elements: (1) the existence of a contract between plaintiff and a third party; (2) defendant’s knowledge of the contract; (3) defendant’s intentional inducement of a third party to breach the contract or render performance impossible, and (4) damages. (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993].)
Defendant argues that there was no contract between plaintiff and C.J. because Ms. Lichstein never satisfied the 90-day employment requirement. Defendant, relying on Ford v Village of Sidney (139 AD2d 848 [3d Dept 1988]), argues that the 90-day employment requirement was a condition precedent which was never satisfied, rendering the contract a nullity.
On a motion to dismiss the facts pleaded in the complaint are presumed true and are accorded every favorable inference. (Greenview Trading Co. v Hershman & Leicher, 108 AD2d 468 [1st Dept 1985]; Ullmann v Norma Kamali, Inc., 207 AD2d 691.) According to plaintiff the 90-day employment require *158 ment was a guarantee, not a condition precedent. Thus the contract between plaintiff and C.J. consisted of plaintiffs promise to refer an appropriate candidate to C.J. in exchange for 20% of that candidate’s first year salary. Plaintiff made the referral, Ms. Lichstein was hired, and C.J. paid plaintiff a $5,000 commission. The commission was returned only after the guarantee was not fulfilled. The guarantee was not fulfilled because defendant induced Ms. Lichstein to leave C.J.’s employment. These facts, if true, support plaintiffs claim and require denial of defendant’s motion.
Moreover even if the 90-day employment requirement was a condition precedent as urged by defendant the motion must be denied. Inability to fulfill a condition precedent does not mean that there is no contract. It is merely a qualification of a promisor’s present duty of performance in á contract already formed. (New York Contracts Law § 1301.)
Ford v Village of Sidney (139 AD2d 848 [3d Dept 1988], supra) does not require a different outcome. In Ford the Court held that the contract had not been breached, it did not hold that there was no contract.
Accordingly defendant’s motion is in all respects denied.