■ SOULA PRIOVOLOS et al., Appellants, v ST. BARNABAS HOSPITAL et al., Respondents. [766 NYS2d 435]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 24, 2002, which granted defendants' motions

for summary judgment dismissing the complaint, denied the branch of plaintiffs' cross motion seeking summary judgment and partially denied the branch of that cross motion seeking dismissal of the counterclaims, unanimously affirmed, without costs.

Pursuant to a contract with defendant New York City Health and Hospitals Corporation, defendant St. Barnabas Hospital employed plaintiffs as surgical attending physicians to provide surgical and emergency medical services for Lincoln Medical and Mental Health Center. When plaintiffs intimated that they would "stop taking call," that is, decline availability for patient care, defendant hospital terminated their employment. Because plaintiffs were at-will employees, the court properly dismissed their claim for breach of contract or improper termination (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305 [1983]). Both the policy manual and employee handbook explicitly disclaim any contractual relationship (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316-317 [2001]).

Statements regarding plaintiffs' performance contained in the termination memorandum are protected by the qualified "common interest" privilege (*see Liberman v Gelstein*, 80 NY2d 429, 437-38 [1992]; *Loughry v Lincoln First Bank*, 67 NY2d 369, 376 [1986]). Statements made with respect to plaintiff Kazigo in particular are afforded the same qualified privilege since they were made in the context of an employment relationship (*see Present v Avon Prods.*, 253 AD2d 183, 187-188 [1999], *lv dismissed* 93 NY2d 1032 [1999]). Finally, statements reported in The New York Times constitute nonactionable opinion statements concerning the reasons for plaintiffs' actions (*see Julian v American Bus. Consultants*, 2 NY2d 1, 8-9 [1956]; *Howard v Alford*, 229 AD2d 996, 997 [1996]). Thus, plaintiffs' defamation claims were properly dismissed (*see Dillon v City of New York*, 261 AD2d 34, 38-39 [1999]).

Setting an initial salary equal to plaintiff Priovolos's former rate of pay is a legitimate, nondiscriminatory reason for the original discrepancy with the salary of other attendings, an inconsistency that was eliminated by retroactive adjustment (*see St. Mary's Honor Ctr. v Hicks*, 509 US 502, 506-507 [1993]). Nor do two instances of alleged ridicule, even if substantiated, comprise a pattern sufficient to establish gender discrimination (*see Youth Action Homes v State Div. of Human Rights*, 231 AD2d 7, 12 [1997]). We note that plaintiffs Kazigo and Rao did not accept the contracts that they allege to be discriminatory based on their age and were discharged as at-will employees. Thus, plaintiffs' claims predicated on discrimination were properly dismissed.

As to defendants' counterclaims, we agree that issues of fact as to whether plaintiffs violated their duty of good faith and loyalty preclude summary dismissal of defendants' causes of action for breach of fiduciary duty (see *AM Cosmetics v Solomon*, 67 F Supp 2d 312, 320 [1999]; *Krause v Gelman*, 181 AD2d 424 [1992]). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ.