# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1624**
**CA 10-01004**
PRESENT: MARTOCHE, J.P., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF STATE UNIVERSITY OF NEW YORK,
PETITIONER/PLAINTIFF-APPELLANT-RESPONDENT,

V                                                MEMORANDUM AND ORDER

TOWN OF AMHERST, SATISH MOHAN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF
TOWN OF AMHERST, TOWN BOARD OF TOWN OF AMHERST,
ZONING BOARD OF APPEALS OF TOWN OF AMHERST,
GMH COMMUNITIES, LP, COLLEGE PARK INVESTMENTS,
LLC, DAVID LADE, NANCY LADE, WILLIAM S. SCHLEGEL,
JOSE OLIVERA, MICHELE OLIVERA, LESTER C.
BUSDIECKER, MATTHEW MAROTTA, PAMELA MAROTTA,
MARK R. KELLAM, PAUL CUMMINS, PAMELA CUMMINS,
ETTORE INFANTI, MARTIN KEITZ, KIMBERLY MAST,
JEFFREY BROOKS, BARBARA BROOKS, DANIEL P. HULL,
THOMAS KETCHUM, IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF TOWN OF AMHERST BUILDING DEPARTMENT,
RESPONDENTS/DEFENDANTS-RESPONDENTS,
AND EUGENE TENNEY,
RESPONDENT/DEFENDANT-RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL),
FOR PETITIONER/PLAINTIFF-APPELLANT-RESPONDENT.

E. THOMAS JONES, TOWN ATTORNEY, WILLIAMSVILLE (ALAN P. MCCRACKEN OF
COUNSEL), FOR RESPONDENTS/DEFENDANTS-RESPONDENTS TOWN OF AMHERST,
SATISH MOHAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERVISOR
OF TOWN OF AMHERST, TOWN BOARD OF TOWN OF AMHERST, ZONING BOARD OF
APPEALS OF TOWN OF AMHERST AND THOMAS KETCHUM, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF TOWN OF AMHERST BUILDING DEPARTMENT.

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (EUGENE C. TENNEY OF
COUNSEL), FOR RESPONDENT/DEFENDANT-RESPONDENT-APPELLANT.

HOPKINS & SORGI, PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF COUNSEL), FOR
RESPONDENTS/DEFENDANTS-RESPONDENTS GMH COMMUNITIES, LP, COLLEGE PARK
INVESTMENTS, LLC, DAVID LADE, NANCY LADE, WILLIAM S. SCHLEGEL, JOSE
OLIVERA, MICHELE OLIVERA, LESTER C. BUSDIECKER, MATTHEW MAROTTA,
PAMELA MAROTTA, MARK R. KELLAM, PAUL CUMMINS, PAMELA CUMMINS, ETTORE
INFANTI, MARTIN KEITZ, KIMBERLY MAST, JEFFREY BROOKS, BARBARA BROOKS
AND DANIEL P. HULL.

---

Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered January 12, 2010 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment granted the motions of respondents/defendants to dismiss the petition/complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner/plaintiff (petitioner) contends in each appeal that Supreme Court erred in granting the motions of respondents/defendants (respondents) to dismiss the hybrid CPLR article 78 proceeding/declaratory judgment action concerning rezoning. According to respondents, petitioner lacked the capacity and authority to sue inasmuch as petitioner's Board of Trustees had neither authorized the commencement of these lawsuits nor ratified them after they were commenced. We reject petitioner's contention. "Capacity to sue is a threshold question involving the authority of a litigant to present a grievance for judicial review. The issue of capacity often arises when a governmental entity seeks to bring suit" (*Matter of Town of Riverbed v New York State Bd. of Real Prop. Serve.*, 5 NY3d 36, 41; *see Matter of Grazing v County of Albany*, 3 NY3d 475, 478-479). " 'Being artificial creatures of statute, such entities have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate' " (*Town of Riverbed*, 5 NY3d at 41-42, quoting *Community Bd. 7 of Borough of Manhattan v Schaefer*, 84 NY2d 148, 155-156). Pursuant to Education Law §§ 352 and 353 and petitioner's bylaws, all of petitioner's corporate powers are to be exercised by the Board of Trustees. As a result, a lawsuit brought in petitioner's name must be authorized by the Board of Trustees or another entity or individual designated by the Board of Trustees and given the express authority to authorize the lawsuit. After petitioner has been authorized by the Board of Trustees to commence litigation, it must then notify the Attorney General so that he or she may participate or join (*see* Executive Law § 63 [1]). The record contains no evidence that the Board of Trustees either approved or ratified these lawsuits or delegated its authority to do so to another entity or individual. Contrary to petitioner's further contention, there is nothing about the procedure for the Board of Trustee's authorization of lawsuits that would serve to undermine the Attorney General's duties and authority under the Executive Law (*see generally* § 63).

Finally, we reject the contention of respondent/defendant Eugene Tenney in each cross appeal that the court erred in denying his request for attorney's fees.

Entered: February 18, 2011

Patricia L. Morgan
Clerk of the Court