■ EUGENE C. TENNEY, Appellant, v HODGSON RUSS, LLP, et al., Respondents. [949 NYS2d 535]—

Peters, P.J.

Plaintiff owned real property in the Town of Amherst, Erie County adjacent to the North Campus of the University at Buffalo, an institution operated by the State University of New York (hereinafter SUNY), which he contracted to sell to GMH Communities, LP, an entity planning to build a large student housing complex thereon. Because the complex was not permitted on the property as originally zoned, the sale was made contingent upon the area being rezoned, and the Town initially granted that relief in March 2007.

SUNY thereafter commenced a series of proceedings challenging the rezoning and other actions taken by the Town in furtherance of the proposed development, naming the Town, plaintiff and others as respondents. The Town promptly agreed to annul the rezoning of plaintiff's property upon the ground that it violated the Town's comprehensive plan. Plaintiff responded by asserting that SUNY lacked capacity to bring the proceedings and, moreover, that the litigation amounted to tortious interference with the contract to sell his property to GMH. As is relevant here, Supreme Court dismissed the proceedings for lack of capacity to sue due to the failure of the SUNY Board of Trustees to authorize them, but rejected plaintiff's further contention that SUNY's actions in undertaking the litigation were frivolous. The court also transferred plaintiff's tortious interference counterclaim to the Court of Claims, where it was later dismissed. The Appellate Division, Fourth Department affirmed Supreme Court's order (*Matter of State Univ. of N.Y. v Town of Amherst*, 81 AD3d 1476 [2011]).

Shortly before the Fourth Department handed down its decision, plaintiff commenced the present action against defendants, the attorneys and university officials involved in commencing and prosecuting the proceedings on SUNY's behalf. Plaintiff asserts that defendants' involvement in the prior, unauthorized litigation constituted violations of Civil Rights Law §§ 70 and 71, and that their actions amounted to tortious interference with the efforts to sell his real property. Defendants successfully moved to dismiss the complaint, and the present appeal by plaintiff was transferred to this Court from the Fourth Department.

When assessing whether a complaint states a cause of action for purposes of a motion to dismiss pursuant to CPLR 3211 (a) (7), "the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (*Simkin v Blank*, 19 NY3d 46, 52 [2012]). That favorable treatment is not limitless, however, and "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Gertler v Goodgold*, 107 AD2d 481, 485 [1985], *affd for reasons stated below* 66 NY2d 946 [1985]; *see Brumaghim v Eckel*, 94 AD3d 1391, 1393 n 1 [2012]). That is precisely the situation presented here, where essential factual elements of plaintiff's causes of action are contradicted by documentary evidence, and Supreme Court thus properly dismissed the complaint.

Plaintiff alleges that defendants acted in a vexatious or malicious manner by commencing the prior proceedings in SUNY's name and prosecuting them after issues regarding SUNY's capacity to sue were raised. While such allegations facially state a cause of action under Civil Rights Law §§ 70 and 71 (*see Mintz & Gold, LLP v Zimmerman*, 56 AD3d 358, 359 [2008]), defendants here believed that individuals "designated by the Board of Trustees and given the express authority to authorize the lawsuit[s]" had, in fact, done so (*Matter of State Univ. of N.Y. v Town of Amherst*, 81 AD3d at 1477). Indeed, Supreme Court found in dismissing the prior cases that they had been commenced and prosecuted with the full knowledge and approval of SUNY's vice chancellor and counsel, as well as the Attorney General (*see* Executive Law § 63 [1]; *Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675, 675-676 [2005], *lv denied* 5 NY3d 716 [2005]; *see also* 8 NYCRR 328.2, 328.3). The Board of Trustees was also aware of the prior litigation and, while never explicitly authorizing it, passed a res-

olution making clear that the methods employed by defendants were consistent with longstanding practice and constituted SUNY's "policy and procedure for initiating litigation." As a matter of law, this evidence established that defendants were not acting "vexatiously or maliciously" by pursuing the prior litigation (Civil Rights Law § 70; see Fischer v Maloney, 43 NY2d 553, 557 [1978]; cf. Mintz & Gold, LLP v Zimmerman, 56 AD3d at 359).

Documentary evidence and plaintiff's own admissions further negate an essential element of his tortious interference claim, namely, that an "actual breach of the contract" of sale occurred (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; see NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 620-621 [1996]). Indeed, plaintiff's property was successfully rezoned in August 2007 and sold soon after, and his tortious interference claim fails in the face of these undisputed facts (see Estate of Roth v Erhal Holding Corp., 141 AD2d 693, 696 [1988]; Ford v Village of Sidney, 139 AD2d 848, 849 [1988]).

Lahtinen, Spain, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.